# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 2 7 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| RUDY AND ELENA CUELLAR, | § | |
| INDIVIDUALLY AND ON | § | |
| BEHALF OF MINOR | § | |
| MONIKA NICOLE CUELLAR | § | |
| | § | |
| Plaintiffs, | § | B-02-133 |
| | § | |
| V. | § | NO. _____ |
| | § | |
| STATE FARM INSURANCE, | § | |
| RUBEN GARCIA AGENCY, | § | |
| RUBEN GARCIA, and RICK BARROW | § | |
| | § | |
| Defendants. | § | |

---

## DEFENDANTS' NOTICE OF REMOVAL

---

### TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

State Farm Lloyds ("State Farm"), incorrectly sued as State Farm Insurance, Ruben Garcia Agency, and Ruben Garcia (hereinafter collectively referred to as "Defendants"), file this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully show the following:

#### *Procedural Background*

1. On May 24, 2002, Plaintiffs filed their Original Petition in the matter entitled *Rudy and Elena Cuellar v. State Farm Insurance*; In the 138th District Court of Cameron County, Texas, Cause No. 2002-05-2140-B. Plaintiffs served this lawsuit on State Farm on June 3, 2002 and on Ruben Garcia Agency and Ruben Garcia on May 31, 2002.

### Nature of the Suit

2.     This lawsuit involves a dispute over the payment of insurance benefits and the handling of Plaintiffs' insurance claims for water and foundation damage allegedly caused by plumbing leaks. Plaintiffs claim that Defendants breached the insurance contract and violated the duty of good faith and fair dealing, the Texas Insurance Code, and the Texas Deceptive Trade Practices Act. Plaintiffs seek actual and exemplary damages, statutory penalties and attorney's fees against Defendants.

### Basis for Removal

3.     Removal is proper under 28 U.S.C. §1332 because there is complete diversity of citizenship between the Plaintiffs and State Farm[1] and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Further, removal is proper because Plaintiffs joined Ruben Garcia Agency and Ruben Garcia solely to defeat diversity jurisdiction.

4.     There is complete diversity of citizenship between the Plaintiffs and State Farm. At the time Plaintiffs filed their Original Petition, State Farm was, and at the date of this Notice remains, an association of underwriters whose individual underwriters are all residents and citizens of the State of Illinois. "The United States Supreme Court has consistently held for *over one hundred years* that the citizenship of an unincorporated association [such as State Farm Lloyds] is determined ... solely by the citizenship of its members." *See Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998); *see also Gore v. Stenson*, 616 F. Supp. 895, 898-899 (S.D. Tex. 1984) (recognizing years of Supreme Court precedent reaffirming the

---

[1]     At the time of this Notice, Defendant Rick Barrow has not been served. Furthermore, at the time Plaintiffs filed their Original Petition, Defendant Rick Barrow was, and at the date of this Notice remains, a permanent resident and citizen of the State of Nevada. Since State Farm's underwriters and Barrow are not Texas citizens, and the Plaintiffs are Texas citizens, complete diversity exists.

2

treatment of unincorporated associations for jurisdictional purposes).[2]    State Farm Lloyds consists of a group of underwriters (or members), all of whom are citizens of the states of Illinois.[3]

5.    Moreover, this Court has diversity jurisdiction over this matter because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.   When a plaintiff does not plead a specific amount in controversy, the court can determine whether the amount in controversy meets the jurisdictional threshold if it is either facially apparent from the petition that the damages sought likely exceed $75,000.00, or the defendant demonstrates that the damages sought likely exceed $75,000.00.   *Ray v. State Farm Lloyds*, No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at * 2-*3 (N.D. Tex. Mar. 10, 1999) (noting that, if not apparent from the face of the petition, the court can rely on facts asserted in the removal notice to support a finding of the requisite jurisdictional amount); *Cross v. Bell Helmets*, 927 F. Supp. 209, 213 (E.D. Tex. 1996) (noting that court can rely on "common experience" to determine whether amount in controversy is "facially apparent" from the Petition); *Williams v. State Farm Mutual Automobile Ins. Co.*, 931 F. Supp. 469, 472 (S.D. Tex. 1995) (noting that the "court may bring common sense to bear in making the amount in controversy determination").

6.    In determining the amount in controversy, the court may consider "policy limits … penalties, statutory damages, and punitive damages."   *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray*, 1999 WL 151667 at *2-3 (finding a sufficient amount in controversy in Plaintiffs' case against their insurance company for breach of

---

[2]    "Fifth Circuit jurisprudence is equally clear…" *See Massey*, 993 F. Supp. at 570 *(citing International Paper Co. v. Denkmann Assocs.*, 116 F.3d 134, 137 (5th Cir. 1997), and others).
[3]    *See Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-884 (5th Cir. 1993), *cert. denied*, 522 U.S. 815 (1997).   Numerous cases have recognized that the citizenship of State Farm Lloyds is determined by looking at the citizenship of its underwriters. *See Bailey, et. al. v. State Farm Lloyds, et. al.*, Civil Action No. H-00-3638, 2001 U.S. Dist. LEXIS 15236, *9 (S.D. Tex. 2001); *Massey*, 993 F. Supp. at 570.

contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

7.      The policy limit for the dwelling under Plaintiffs' insurance policy is $77,600.00. The policy limits for contents coverage is $46,560.00. The policy limit for Additional Living Expenses is $15,520.00. Further, Plaintiffs seek actual and exemplary damages for their claims of breach of contract, violation of the Texas Insurance Code, and violation of the Texas Deceptive Trade Practices Act. *See Plaintiffs' Original Petition.* Further, Plaintiffs seek treble damages under the Deceptive Trade Practices Act and the Insurance Code for Defendants' alleged knowing conduct. *See id.* Thus, given the nature of Plaintiffs' claims and the types of damages sought, it is more likely than not that the amount in controversy exceeds the federal jurisdictional minimum of $75,000.00.

### *The Fraudulent Joinder of Ruben Garcia Agency and Ruben Garcia as Sham Defendants*

8.      Plaintiffs joined Ruben Garcia Agency and Ruben Garcia solely to defeat diversity jurisdiction. There is no reasonable basis for believing that Plaintiffs could recover from Defendants, Ruben Garcia Agency and Ruben Garcia, in state court. Plaintiffs have failed to allege any factual basis for stating a claim against Ruben Garcia Agency and Ruben Garcia.

4

*See Plaintiffs' Original Petition.* Ruben Garcia Agency and Ruben Garcia were joined in this lawsuit as sham defendants. Pursuant to 28 U.S.C. § 1441(b), an action shall be "removable ... if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." A defendant named in the state court action may be disregarded when the party's joinder is "fraudulent," which is designed to defeat diversity. *See Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 101-02 (5th Cir.), *cert. denied* 498 U.S. 817 (1990).

9.    Fraudulent joinder is determined based on an analysis of causes of action alleged in the complaint at the time of removal. *See Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979). A party is fraudulently joined if "there is actually no possibility that the Plaintiffs will be able to establish a cause of action against the non-diverse defendant in state court." *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). If no viable claims exist against the non-diverse defendant, his presence must be disregarded for jurisdictional purposes. *See French v. State Farm Ins. Co.*, 156 F.R.D. 159, 162 (S.D. Tex. 1994).

10.    Plaintiffs do not have viable claims against Ruben Garcia Agency and Ruben Garcia  because their insurance contract was with State Farm, not Ruben Garcia Agency or Ruben Garcia. In addition, Plaintiffs allege no facts individual to Ruben Garcia Agency or Ruben Garcia sufficient to support any claims against them. A viable cause of action against Ruben Garica Agency and Ruben Garcia "depends upon and is tied to the factual fit between the [p]laintiffs' allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds*, 181 F.3d at 701. *See also Waters v. State Farm Mut. Auto. Ins. Co.*, 158 F.R.D. 107, 109 (S.D. Tex. 1994) (finding fraudulent joinder of insurance agent for failure to specify a factual basis for recovery). No factual fit exists here. Ruben Garica Agency and Ruben Garcia are not parties to

5

the insurance contract at issue here and Plaintiffs have alleged no facts to assert any viable claims against them.

### *The Removal is Procedurally Correct*

11.    State Farm was first served with the petition on June 3, 2002.  Ruben Garcia Agency and Ruben Garcia were first served with the petition on May 31, 2002.  Defendants file their Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).

12.    All Defendants who have been served with Summons consent to the removal of this case to federal court.

13.    Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this district.

14.    Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

15.    Pursuant to 28 U.S.C. §1446(d), promptly after Defendants file this Notice, written notice of the filing will be given to Plaintiffs, the adverse party.

16.    Pursuant to 28 U.S.C. §1446(d), a true and correct copy of Defendants' Notice of Removal will be filed with the Clerk of the 138th Judicial District Court of Cameron County, Texas, promptly after Defendants file this Notice.

WHEREFORE, DEFENDANTS request that this action be removed from the 138th Judicial District Court of Cameron County, Texas, to the United States District Court for Southern District of Texas, Brownsville Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.
1500 Bank of America Plaza
300 Convent Street
San Antonio, Texas  78205
Telephone:  (210) 281-7000
Telecopier: (210) 224-2035


RICK H. ROSENBLUM
Attorney-in-Charge
State Bar No. 17276100
Southern District Bar No. 17991
TYLER GATES MERCER
State Bar No. 00798372
Southern District Bar No. 23502

-and-

VICTOR VICINAIZ
State Bar No. 20562300
Southern District Bar No. 10956
ROERIG, OLIVEIRA & FISHER, L.L.P.
506 East Dove Avenue
McAllen, Texas 78504-2241
Telephone: (956) 631-8049
Telecopier: (956) 631-8141

ATTORNEYS FOR DEFENDANTS
STATE FARM LLOYDS, RUBEN GARCIA
AGENCY AND RUBEN GARCIA

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on the following counsel of record by *certified mail, return receipt requested*, on the 27th day of June 2002:

Benigno (Trey) Martinez
1201 E. Van Buren
Brownsville, Texas 78520
Phone: (956) 546-7159
Fax: (956) 544-0602

_____
VICTOR VICINAIZ

8

**EXHIBIT "A"**

RUN DATE ㏎
RUN TIME ㏑:㏑

# CIVIL DOCKET - JUDGE'S ENTRIES

## RULE 26-TRCP

| NAME OF PARTIES | ATTORNEYS | KIND OF ACTION |
|---|---|---|
| RUDY AND ELENA CUELLAR INDIVIDUALLY AND ON BEHALF<br><br>VS<br><br>STATE FARM INSURANCE, RUBEN GARCIA AGENCY, RUBEN G | 00002806<br>HON. BENIGNO (TREY) MARTINEZ<br>1201 E. VAN BUREN STREET<br>BROWNSVILLE TX        78520 0000<br>HON. R.H. ROSENBLUM<br>HON. JOSEPH L. SORKIN<br>1500 BANK OF AMERICA PLAZA<br>300 CONVENT STREET<br>SAN ANTONIO, TX | (06)<br><br>BREACH OF CONTRA |

DATE OF ORDERS

COURT'S DOCKET (Rule 26, TRCP)

RUN DATE 06/27/02
RUN TIME 11:52 AM

* * * C L E R K ' S   E N T R I E S * * *

RODY AND ELENA CUELLAR INDIVIDUALLY AND ON BEHALF

VS

STATE FARM INSURANCE, RUBEN GARCIA AGENCY, RUBEN G

00002806
HON. BENIGNO (TREY)  MARTINEZ
1201 E. VAN BUREN STREET
BROWNSVILLE TX          78520 0000

00624401
R.H. ROSENBLUM
300 CONVENT STREET
SAN ANTONIO, TX          78205 0000

(06)

BREACH OF CONTRA

05/24/02  ORIGINAL PETITI
05/28/02  CITATION: STATE
05/28/02  SERVED: 06/C
05/28/02  CITATION: RUBEN
05/28/02  SERVED: RUBEN
05/28/02  SERVED: 05/3
05/28/02  CITATION: RICK
05/28/02  SERVED:
06/26/02  ORIGINAL ANSWER
06/26/02  ORIGINAL ANSWER
06/26/02  ORIGINAL ANSWER

Citation for Personal Service - NON-RESIDENT NOTICE    Lit. Seq. # 5.003.01

No. 2002-05-002140-B

T H E    S T A T E    O F    T E X A S    *ORIGINAL*

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: STATE FARM INSURANCE
    SERVING REGISTERED AGENT
    BOBBY GLYNN JEFFUS
    17301 PRESTON RD.
    DALLAS, TEXAS 75252

the _____DEFENDANT_____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 138th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____PETITION_____ was filed on __MAY 24, 2002__.  A copy of same accompanies this citation.

The file number of said suit being No. 2002-05-002140-B.

The style of the case is:

RUDY AND ELENA CUELLAR INDIVIDUALLY AND ON BEHALF
VS.
STATE FARM INSURANCE, RUBEN GARCIA AGENCY, RUBEN G

Said petition was filed in said court by _____HON. BENIGNO (TREY)_____ (Attorney for _____PLAINTIFF_____), whose address is 1201 E. VAN BUREN STREET BROWNSVILLE TX  78520                    .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 28th day of ___MAY___, A.D. 2002.

AURORA DE LA GARZA    DISTRICT CLERK

RETURN OF OFFICER

Came to hand the _____ day of _____, _____, at _____ o'clock ___.M., and executed (not executed) on the _____ day of _____, _____, by delivering to _____ in person a true copy of this Citation, upon which I endorsed the date of delivery, together with the accompanying copy of the _____.

Cause of failure to execute this citation is: _____
_____.

FEES serving 1 copy

Total....... $_____

Fees paid by:_____

Sheriff/constable _____ County,

By _____ Deputy



## OFFICERS RETURN OF SERVIC

**ORIGINAL**

**COUNTY: CAMERON**          **CASE # 2002052140B**          **COURT 138**

Clt. Ref.#                                         Clt.#    7172

RUDY AND ELENA CUELLAR, INDIVIDUALLY AND ON BEHAL OF MINOR
MONIKA NICOLE CUELLAR

VS

STATE FARM INSURANCE, RUBE GARCIA AGENCY, RUBEN GARCIA, AND
RICK BARROW

The documents came to hand for service on 06/03/02  Time: 10:39:15

Documents received for service:

**CITATION & PLAINTIFF'S ORIGINAL PETITION**

The documents were delivered on 06/03/02  **Time: 13:15:00**

Executed at: 17301 Preston Road
              Dallas, TX 75252

to the following: **State Farm Insurance**
                   **By Delivering To Its Vice President, Fred Marsh**
                   **Accepted By Mary Loftin, Authorized By Letter To Accept**

_X_    PERSONALLY delivering the document(s) to the person above.
_____  SUBSTITUTE SERVICE per Order by delivering to _____ in person
       who is sixteen (16) years of age or older, at the above listed address which is the
       usual place of abode/business of the above named person.
_____  POSTING per Order by securely affixing to the main entry way at the above address.

### AFFIDAVIT

I, Philip Coats _____  ,am over the age of eighteen, and am neither a
party to nor interested in the outcome of the above suit. I HAVE PERSONAL KNOWLEDGE OF THE
FACTS SET FORTH ABOVE.  I have never been convicted of a felony or misdemeanor involving
moral turpitude in any state OR federal jurisdicition, and I have studied an am familiar
with Texas RULES OF CIVIL PROCEDURE, VERNON'S TEXAS STATUTES, CIVIL PRACTICE AND REMEDIES
CODE and all other applicable rules and statutes relating to service of citation and/or
notices I am authorized by written order of the court to serve citations and other notices.

Service Fee:_____                    Philip Coats
                                         Professional Civil Process Dallas, Inc.
Witness Fee Tendered:_____           1301 Main Street Suite 202
                                         Dallas, Texas 75202
STATE OF TEXAS}
                        VERIFICATION

Before me, a notary public, on this day personally appeared the above named authorized
person known to me to be the person whose name is subscribed to the foregoing document
and, being by me first duly sworn stated that he has personal knowledge of the facts set
forth in the foregoing affidavit and declared that the facts therein contained are true
and correct. Given my hand and seal of office this ___ day of _June__ 200_2_

PCP Inv. #D0602    9

_____
NOTARY PUBLIC FOR THE STATE OF TEXAS



DEE ROBERTS
Notary Public, State of Texas
My Commission Expires 09-27-03

# State Farm Insurance Companies

NORTH TEXAS OFFICE
17301 PRESTON ROAD
P.O. BOX 799100
DALLAS, TEXAS 75379-9100

FRED J. MARSH, CPCU
VICE PRESIDENT - OPERATIONS
BUSINESS: (972) 732-5051
FAX: (972) 732-5095

January 4, 2002

To Whom It May Concern:

Please let this letter serve as a power of attorney to allow our executive secretaries, Monette Vinson, Jeri Roberts, Deborah Ferrell, and Mary Loftin to receive, in my absence, lawsuit papers addressed to me at this address listed above.

Thank you.

Sincerely,

Fred Marsh
Vice President – Operations

FM/mv

State of Texas
County of Dallas

Before me, a Notary Public, on this day personally appeared Fred Marsh, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this _4th_ day of January, A.D., 2002.



JANNE CATLETT
Notary Public, State of Texas
My Commission Expires
JANUARY 11, 2004

Janne Catlett
Notary Public, State of Texas

My commission expires _1/11/04_

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

STATE FARM LIFE INSURANCE COMPANY        STATE FARM FIRE AND CASUALTY COMPANY

Citation for Personal Service  - GENERAL             Lit. Seq. # 5.004.01

No. 2002-05-002140-B

*ORIGINAL*

T H E   S T A T E   O F   T E X A S

      NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If
you or your attorney do not file a written answer with the clerk who issued this
citation by 10:00 a.m. on the Monday next following the expiration of twenty
days after you were served this citation and petition, a default judgment may be
taken against you.

TO: RUBEN GARCIA AGENCY
    SERVING RUBEN GARCIA
    434 PAREDES LINE RD.,STE.B
    BROWNSVILLE, TEXAS 78520

the _____DEFENDANT_____, GREETING:

      You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20
days after the date of service of this citation before the Honorable District
Court 138th Judicial District of Cameron County, Texas at the Courthouse of said
county in Brownsville, Texas.  Said          PETITION          was filed on
   MAY 24, 2002   .  A copy of same accompanies this citation.

The file number of said suit being No. 2002-05-002140-B.

The style of the case is:

            RUDY AND ELENA CUELLAR INDIVIDUALLY AND ON BEHALF
                                VS.
            STATE FARM INSURANCE, RUBEN GARCIA AGENCY, RUBEN G

Said petition was filed in said court by _____HON. BENIGNO (TREY)
(Attorney for          PLAINTIFF          ), whose address is
1201 E. VAN BUREN STREET BROWNSVILLE TX   78520

      The nature of the demand is fully shown by a true and correct copy of the
Petition accompanying this citation and made a part hereof.

      The officer executing this writ shall promptly serve the same according to
requirements of law, and the mandates thereof, and make due return as the law
directs.

      Issued and given under my hand and seal of said Court at Brownsville,
Texas, this the 28th day of    MAY   , A.D. 2002.

                                        AURORA DE LA GARZA   . DISTRICT CLERK

# RETURN OF OFFICER

Came to hand the _30th_ day of _May_, _2002_, at _9:00_ o'clock _A._M., and executed (~~not executed~~) on the _31st_ day of _May_, _2002_, by delivering to _Ruben Garcia Agency by serving_ _Ruben Garcia, Jr. at 3:55 P.M._ in person a true copy of this Citation, upon which I endorsed the date of delivery, together with the accompanying copy of the _Plaintiff's Original Petition_ .

Cause of failure to execute this citation is: _____
_____ .


FEES serving 1 copy    _____

Total....... $_____    ~~Sheriff/constable~~ _Cameron_ County, TEXAS

Fees paid by:_____    By _____

Professional Civil Process
700 Paredes Ave., #208
Brownsville, Texas 78520
Tel. (956) 546-1313

SUBSCRIBED AND SWORN TO BEFORE ME
ON _____ TO
CERTIFY WHICH WITNESS MY HAND AND
OFFICIAL SEAL

NOTARY PUBLIC   STATE OF TEXAS

EDUARDO GONZALEZ
MY COMMISSION EXPIRES
MARCH 21, 2006

FILED ____ O'CLOCK ____ M.
AURORA DE LA GARZA DIST CLERK

JUN 0 3 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

CAUSE NO. 2002-05-2140-B

| | | |
|---|---|---|
| RUDY AND ELENA CUELLAR, | § | IN THE DISTRICT COURT OF |
| INDIVIDUALLY AND ON | § | |
| BEHALF OF MINOR | § | |
| MONIKA NICOLE CUELLAR | § | |
|     Plaintiffs, | § | |
| | § | |
| VS. | § | CAMERON COUNTY |
| | § | |
| | § | |
| | § | |
| | § | |
| STATE FARM  INSURANCE, | § | |
| RUBEN GARCIA AGENCY, | § | |
| RUBEN GARCIA, and RICK BARROW | § | |
|     Defendants. | § | 138 JUDICIAL DISTRICT |

FILED 4.00 O'CLOCK P M
AURORA DE LA GARZA DIST. CLERK
MAY 2 4 2002
DISTRICT COURT OF CAMERON COUNTY, TEXAS

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

    COME NOW, **RUDY AND ELENA CUELLAR, INDIVIDUALLY AND ON BEHALF OF MINOR MONIKA NICOLE CUELLAR**, Plaintiffs herein, and file this their Original Petition against the above-named Defendants, and for cause of action would respectfully show the Court the following:

I.

    Pursuant to Rule 190, T.R.C.P., discovery is intended to be conducted under Level 3.

II.

1.    Plaintiffs are residents of Cameron County, Texas.

2.    Defendant STATE FARM LLOYDS is a Texas insurance corporation.  Service of process upon State Farm Lloyds may be accomplished by serving their registered agent for service Bobby Glynn Jeffus, 17301 Preston Rd., Dallas, Texas 75252.

3.      Defendants, RUBEN GARCIA AGENCY AND RUBEN GARCIA, are duly authorized to do business in Texas. Service of process upon may be accomplished by serving Ruben Garcia, 434 Paredes Line Rd., Ste. B, Brownsville, Texas 78520.

4.      Defendant, RICK BARROW, is an individual duly authorized to do business on behalf of State Farm in Texas. Service of process upon may be accomplished by serving him at 701 E. Expressway 83, McAllen, Texas 78501.

III.

Venue as to this petition is proper in Cameron County, in that all or part of Plaintiffs' causes of action accrued in such county and the property which is the subject of this suit is located in such county. This Honorable Court has jurisdiction of the case, and the Plaintiffs hereby invoke the unlimited monetary jurisdiction of this Court by filing the suit with the District Clerk according to state law and local rule.

IV.

Suit is brought pursuant to the law of good faith and fair dealing as well as under common law and Articles 21.21 and 21.55 of the Texas Insurance Code and the Texas Deceptive Trade Practices Act. In the alternative, this suit is brought for breach of contract, and for recovery under a policy of insurance. Plaintiffs are consumers of the Defendant, in that they purchased insurance from said entities and/or service to be provided by them. Each Defendant is an "individual, corporation, association, partnership, or other legal entity engaged in the business of insurance." Such Defendant constitute persons as that term is defined in Article 21.21, Section 2 of the Texas Insurance Code.

## V.

Defendant, FARMERS INSURANCE GROUP, are Plaintiffs' homeowner's insurance company. Plaintiffs' own and/or reside in a dwelling at 2017 Madero, Brownsville, Cameron County, Texas. Defendants provided coverage to the Plaintiffs for such dwelling, personal property, and other matters under insurance policies described above. During the policy term of said policy, Plaintiffs sustained covered losses in the form of water leaks and discharges, and damages resulting therefrom, including, but not limited to damage to the architectural finishes of the home. Plaintiffs promptly reported same to Defendants pursuant to the terms of the insurance policy.

## VI.

The Plaintiffs discovered water damage, and resulting damages therefrom to their home and property. As a result, Plaintiffs' home and property sustained damage to the areas of the home including, but not limited to, the cost of destruction and restoration of the home necessary to access and fix the leaks. These constituted covered damages under Plaintiffs' homeowner's insurance policy with the Defendant.

## VII.

The Carrier Defendant and their agents visited and inspected Plaintiffs' property at 2017 Madero, Brownsville, Cameron County, Texas, in connection with the Plaintiffs' claim of property damage. Carrier Defendant knew or should have known, that Plaintiffs had already sustained significant damage to the property, requiring significant repairs as a result of a loss and peril covered by the insurance policies. They were also made aware of the need to perform repairs to the different leaks, which would result in covered tearing out and restoration of portions of the property covered. The Carrier Defendant knew that a substantial covered loss was owed. Nonetheless, they denied,

delayed, or failed to pay or properly investigate some or all of Plaintiffs' covered claims with no reasonable basis. They have failed to act promptly or to conduct a good faith investigation. This delay and/or denial is in bad faith and a violation of Articles 21.21 and 21.55 of the Texas Insurance Code. Therefore, Plaintiffs file this bad faith claim.

### VIII.

Despite the fact that all conditions precedent to Plaintiffs' recovery have been performed or have occurred, Defendants failed and refused to pay the Plaintiffs a just amount in accordance with their contractual obligations, agreements, and representations.

### IX.

Such denial, delay, refusal and/or failure to pay by the Carrier Defendant was in bad faith, and constitute a breach of the covenant of good faith and fair dealing, which breach was a proximate cause of damages to the Plaintiffs more specifically set forth herein below. There was no reasonable basis for denying, delaying, or failing to pay or investigate Plaintiffs' claim for damage, and the Carrier Defendant and its agents named herein knew or should have known that there was no such reasonable basis to deny, delay, and fail to pay such claims.

The conduct of the Defendants was irresponsible, unconscionable, and took advantage of the Plaintiffs' position to a grossly unfair degree. Furthermore, the conduct of the Defendant amount to one or more of the following:

(a) not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims submitted in which liability has become reasonably clear in violation of Art. 21.21, Section 4(10)(a)(ii);

(b) refusing to pay claims without conducting a reasonable investigation based upon all available information in violation of 21.21, Section (4)(10)(a)(viii);

(c)    failing to handle or process the Plaintiffs' claims in good faith; in violation of common law as expressly stated by the Texas Supreme Court in Vail v. Texas Farm Bureau, 754 S.W.2d 129 at 135 (Tex. 1988).

(d)    committing a course of conduct that is unconscionable;

(e)    omitting any information or making any false implication or impression that was either misleading of deceptive or have the capacity to be misleading or deceptive in violation of 21.21, Section 4(11);

(f)    refusing to pay a claim without a reasonable basis in violation of common law;

(g)    delaying payment of a claim without a reasonable basis in violation of common law;

(h)    denying and/or delaying payment of a claim without determining whether there is any reasonable basis to do so in violation of common law;

(i)    representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or qualities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

(j)    representing that goods or services are of a particular standard, quality, grade, or that goods are of a particular style or model, if they are of another;

(k)    representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

(l)    failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

(m)    violations of Art. 21.21 Tex. Ins. Code, including, but not limited to, Section 4, Subsections (11) and (10(a)(i), in that they misrepresented the terms of the policy; or

(n)    other violations of law.


## X.

The conduct of Carrier Defendant and the conduct alleged against the other Defendants constitute violations of Article 21.21, et seq. of the Texas Insurance Code. Such violations include,

but are not limited to, violations of the rules and regulations lawfully adopted by the State Board of Insurance under Article 21.21 of the Texas Insurance Code, including unfair methods of competition and/or unfair or deceptive acts or practices in the business of insurance. In addition, the actions of the Defendant violate Article 21.21, Section 4 of the Texas Insurance Code. They also violate the Texas Insurance Code, specifically Section 16, in that they constitute practices defined by Section 17.46 of the Texas Texas Business and Commerce Code, as amended, as unlawful deceptive trade practices. As to the Defendants, such conduct also constitutes bad faith claims handling. All statutory causes of action, including those arising under Art. 21.55 of the Insurance Code are here asserted against all Defendants.

XI.

As a result of all such conduct, Plaintiffs have been damaged in an amount in excess of the minimum jurisdictional limits of this Court. In addition, the conduct of the Carrier Defendant was committed knowingly, and under circumstances constituting willful and wanton and reckless disregard of the rights of the Plaintiffs, and others similarly situated. Such conduct of the Defendants was negligent. The conduct of one or more Defendants constituted misrepresentation of fact. The conduct of the Defendant proximately caused the injuries and damages to the Plaintiffs for which they herein sue. Plaintiffs seek all damages as allowed by law from the Defendants.

XII.

Carrier Defendant has by its conduct breached their contract of insurance with the Plaintiffs. Such breach proximately caused damages to the Plaintiffs. In addition, Plaintiffs are entitled to recover attorney's fees in connection with their contractual causes of action. Defendants have made actionable fraudulent misrepresentations to Plaintiffs.

## XIII.

All of the conditions precedent to bringing this suit under the policy and to the Defendant's liability to the Plaintiffs under the policy for the claims alleged have been performed or have occurred. More than sixty days prior to the filing of this suit, written demand for payment and notice of complaint pursuant to the Texas Deceptive Trade Practices Act and/or Texas Insurance Code, Article 21.21, et seq., were sent to each of the Defendant, or compliance with said notice is excused. All notices and proofs of loss were timely and properly given in such manner as to fully comply with the terms and conditions of the relevant insurance policies and applicable law. In the alternative, Plaintiffs allege that as to any such terms, conditions, notices, or requirements, the Defendant waived them, the Defendant are stopped from asserting them, and/or the plaintiffs substantially complied with them. Plaintiffs make the same allegations of waiver or estoppel as to every defense or exclusion pleaded by the Defendant, and as to each claim for breach of contract or statutory violation as to each Defendant.

## XV.

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiffs herein request a jury trial and along with the filing of the Original Petition, tendered to the Clerk of the Court the statutory jury fee.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial of this matter, the Court grant:

1.      Judgment against the Defendant, and each of them;

2.      Actual damages;

3.      Attorney's fees;

4.      Costs of suit;

5.      Statutory penalties;

6.      Prejudgment and post judgment interest as allowed by law;

7.      Any additional damages and punitive damages under the facts set forth in this or any amended pleading.

8.      Such other and further relief to which Plaintiffs may show themselves entitled.


Respectfully submitted,

**MARTINEZ Y BARRERA, L.L.P.**
1201 E. Van Buren
Brownsville, Texas 78520
Ph. (956) 546-7159
Fax (956) 544-0602


Benigno (Trey) Martinez
State Bar No. 00797011

**ATTORNEY FOR PLAINTIFFS**

# *Martinez y Barrera, L.L.P.*
### Attorneys at Law

| | |
|---|---|
| *Tony Martinez* * | *1201 E. Van Buren* |
| *Horacio L. Barrera* | *Brownsville, Texas 78520* |
| *Benigno (Trey) Martinez* | *(956) 546-7159* |
| | *Fax (956) 544-0602* |

May 24, 2002

**VIA HAND DELIVERY**
Mrs. Aurora De La Garza
Cameron County District Clerk
974 E. Harrison
Brownsville, Texas 78520

Re:    Cause No. 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-B   ; Rudy Cuellar, et al vs.
State Farm Insurance, et al

Dear Mrs. De La Garza:

Enclosed herein for filing please find the original and one copy of Plaintiffs' Original Petition. Please issue a citation to serve the Defendant as follows:

1.    Defendant STATE FARM LLOYDS is a Texas insurance corporation. Service of process upon State Farm Lloyds may be accomplished by serving their registered agent for service Bobby Glynn Jeffus, 17301 Preston Rd., Dallas, Texas 75252.

2.    Defendant, RUBEN GARCIA AGENCY AND RUBEN GARCIA, duly authorized to do business in Texas. Service of process may be accomplished by serving Ruben Garcia, 434 Paredes Line Rd., Ste. B, Brownsville, Texas 78520.

3.    Defendant, RICK BARROW, duly authorized to do business on behalf of State Farm in Texas. Service of process may be accomplished by serving him at 701 E. Expressway 83, McAllen, Texas 78501.

Also enclosed is our firm's check for $199.00 to cover the filing fee and the fee for the issuance of citation. Please place the citations in the box for *Mr. Eddie Gonzalez,* Process Server.

Thanking you for your kind attention to this matter, I remain

Very truly yours,

Benigno (Trey) Martinez

III/nd
**\*encls.**

AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.

ATTORNEYS AT LAW

AUSTIN
BRUSSELS
CHICAGO
DALLAS
DENVER
HOUSTON
LONDON
LOS ANGELES
MOSCOW
NEW YORK
NORTHERN VIRGINIA
PHILADELPHIA
SAN ANTONIO
WASHINGTON, D.C.

300 CONVENT STREET
SUITE 1500
SAN ANTONIO, TEXAS 78205
(210) 281-7000
FAX (210) 224-2035
www.akingump.com

DIRECT DIAL NUMBER (210) 281-7003
E-MAIL ADDRESS jsorkin@akingump.com

RIYADH (AFFILIATE)

June 21, 2002

Ms. Aurora de la Garza
Cameron County District Clerk
974 E. Harrison St.
Brownsville, Texas 78520

Re:     Cause No. 2002-05-2140-B; *Rudy and Elena Cuellar, et al. v. State Farm Insurance, Ruben Garcia Agency, Ruben Garcia and, Rick Barrow*; In the 138th Judicial District Court of Cameron County, Texas.

Dear Ms. de la Garza:

Enclosed are the originals and one copy each of the following documents:

1.     Defendant State Farm Lloyds' Verified Original Answer to Plaintiffs' Original Petition; and

2.     Defendants Ruben Garcia Agency and Ruben Garcia's Verified Original Answer to Plaintiffs' Original Petition.

Please file the original documents with the court and return file-marked copies to me in the enclosed self-addressed, stamped envelope.

Best,

Joseph L. Sorkin

JLS/gsl
Enclosures

cc:     Mr. Benigno (Trey) Martinez (w/enclosure) *Via CMRRR No. 7160390198448677547*2

NO. 2002-05-2140-B

| | | |
|---|---|---|
| RUDY AND ELENA CUELLAR, | § | IN THE DISTRICT COURT OF |
| INDIVIDUALLY AND ON | § | |
| BEHALF OF MINOR | § | |
| MONIKA NICOLE CUELLAR | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | CAMERON COUNTY |
| v. | § | |
| | § | |
| STATE FARM INSURANCE, RUBEN | § | |
| GARCIA AGENCY, RUBEN GARCIA, | § | |
| AND RICK BARROW, | § | |
| | § | |
| **Defendants.** | § | 138TH JUDICIAL DISTRICT |

*(stamp: FILED ___ O'CLOCK ___ M / AURORA DE LA GARZA DIST. CLERK / JUN 26 2002 / DEPUTY)*

---

## DEFENDANT STATE FARM LLOYDS' VERIFIED ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION

---

TO THE HONORABLE JUDGE OF THIS COURT:

Defendant State Farm Lloyds ("State Farm"), improperly sued as State Farm Insurance, without waiving any of its defenses, files its Verified Original Answer and respectfully shows the Court as follows:

### *General Denial*

1.     Pursuant to Rule 92 of the Texas Rules of Civil Procedure, State Farm hereby exercises its right to require Plaintiffs to prove their allegations by a preponderance of the credible evidence.

### *Verified Denial*

2.     Pursuant to Rules 54 and 93 of the Texas Rules of Civil Procedure, State Farm denies that all conditions precedent have been performed and/or occurred.   In particular, Plaintiffs have failed to submit proof that their property has incurred a loss that is covered as an

ORIGINAL ANSWER

exception to exclusions (f), (h), (i) and (k) of the insurance policy on their property. Additionally, Plaintiffs have failed to submit proof that the damage to their property was caused solely by a covered peril, separate from damage caused by excluded perils.

***Affirmative Defenses***

3.     In addition to and without waiving any of the foregoing, Defendant asserts the following matters as affirmative defenses:

    a.   Plaintiffs have not satisfied all conditions precedent in that they failed to provide Defendant with sixty (60) days written notice of the claims against it pursuant to the Texas Insurance Code and Deceptive Trade Practices Act.

    b.   Plaintiffs failed to comply with all conditions precedent to their right to recover under the homeowners insurance policy in that they failed to prove that the alleged loss was a covered loss, or they failed to segregate the portion of the alleged loss which they claim was covered from the portion of the alleged loss which they do not assert was covered as required under the doctrine of concurrent causation.

    c.   Pursuant to the following exclusions, the homeowner's insurance policy issued to Plaintiffs does not cover or excludes the Plaintiffs' loss if caused by:

    "f.   We do not cover loss caused by:

        (1)   wear and tear, deterioration or loss caused by any quality in property that causes it to damage or destroy itself...

        (2)   rust, rot, mold or other fungi.

(3)     dampness of atmosphere, extremes of temperature.

(4)     contamination...

h.      We do not cover loss under cover A (Dwelling) caused by settling, cracking, bulging, shrinkage or expansion of foundations, walls, floors, ceilings, roof structures, walks, drives, curbs, fences, retaining walls or swimming pools.

i.      We do not cover loss caused by or resulting from flood, surface water, waves, tidal water or tidal waves, overflow of streams or other bodies of water or spray from any of these whether or not driven by wind. . . .

k.      We do not cover loss caused by earthquake, landslide or earth movement."

The foregoing exclusions apply in this cause.

d.      Any award to Plaintiffs must be offset by all prior payments made by State Farm to Plaintiffs for access, repair, and/or additional living expenses ("ALE").

e.      Pleading further and in the nature of affirmative defenses, Defendant asserts that Plaintiffs' claims are barred, in whole or in part, pursuant to the conditions and obligations under the insurance policy issued to Plaintiffs by State Farm:

"(3)    Duties After Loss

a.      **Your duties after loss.** In case of a loss to covered property caused by a peril insured against, you must:

(1)     give prompt written notice to us of the facts relating to the claim.
...
(3)     (a)     protect the property from further damage.

3

(b)     make reasonable and necessary repairs to protect the property.

(c)     keep an accurate record of repair expenses."

10.     Suit Against Us.  No suit or action can be brought unless the policy provisions have been complied with.

f.     Plaintiffs' claims are barred in whole or in part by the Doctrine of Laches. Plaintiffs have received payment for access, repair, and/or ALE, but have failed to make any attempt to repair the damage at their house or prevent future damage.

g.     Plaintiffs' claims are barred in whole or in part by Plaintiffs' failure to mitigate their damages.

h.     Plaintiffs' damages, if any, must be offset by the amount of the applicable policy deductibles.

i.     Plaintiffs' actual damages, if any, must be limited by the amount set forth in the policy limitations provisions of their policy.

j.     Any award of exemplary damages must be limited in accordance with the provisions of Texas Civil Practices & Remedies Code § 41.008.

k.     Plaintiffs' claims for punitive damages against Defendant cannot be sustained because under Texas law, an award of punitive damages without proof of every element beyond a reasonable doubt would violate Defendant's rights under Amendments IV, V, VI, and XIV of the United States Constitution and under Sections 9, 10, 14, and 19 of Article I of the Texas Constitution.

l.     Plaintiffs' claims for punitive damages against Defendant cannot be sustained, because an award of punitive damages under Texas law for the purposes of compensating Plaintiffs for elements of damages not otherwise recognized by

4

Texas law would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

### *Jury Demand*

4.    Defendant State Farm hereby demands a trial by jury.

### *Prayer*

5.    WHEREFORE, Defendant prays:

a.    That Plaintiffs recover nothing of and from State Farm, and that this Court enter a judgment that State Farm go hence without delay with all costs of court; and

b.    That State Farm be granted such other and further relief to which it shows itself justly entitled.

Respectfully submitted,

AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.
1500 Bank of America Plaza
300 Convent Street
San Antonio, Texas  78205
Telephone:  (210) 281-7000
Fax: (210) 224-2035

R.H. ROSENBLUM
State Bar No. 17276100
TYLER GATES MERCER
State Bar No. 00798372
JOSEPH L. SORKIN
State Bar No. 24033215

ATTORNEYS FOR DEFENDANT
STATE FARM LLOYDS

064253.0000 SAN ANTONIO 268585 v1

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on the following counsel of record by *certified mail, return receipt requested*, on the 21st day of June 2002:

Benigno (Trey) Martinez
1201 E. Van Buren
Brownsville, Texas 78520
Phone: (956) 546-7159
Fax: (956) 544-0602


Tyler Gates Mercer

064253.0000 SAN ANTONIO 268585 v1

## VERIFICATION

STATE OF TEXAS        §
                        §
COUNTY OF BEXAR    §

Before me, the undersigned authority, on this day personally appeared Jonas Saenz, who

being by me duly sworn on his oath deposed and said:

       1.      My name is Jonas Saenz. I am over the age of 21, I have never been convicted of a felony or a crime involving moral turpitude, and I am otherwise competent to make this verification.

       2.      I am a Team Manager responsible for supervising claims on behalf of State Farm Lloyds (hereinafter referred to as "State Farm"), including the claim submitted by Rudy and Helena Cuellar which is the basis of the lawsuit. Therefore, I have personal knowledge of the facts stated herein and they are all true and correct.

       3.      Specifically, I have reviewed paragraph number 2 of Defendants' Verified Original Answer and the statements of fact contained within that paragraph are true and correct.

_____
JONAS SAENZ

Subscribed and sworn before me on this the ___20___ day of June, 2002.

TONI TREVINO
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 03-07-06

_____
Notary Public in and for the
State of Texas

NO. 2002-05-2140-B

FILED _____ O'CLOCK ____M
AURORA DE LA GARZA DIST. CLERK
JUN 26 2002
BY _____ DEPUTY

| | | |
|---|---|---|
| RUDY AND ELENA CUELLAR, | § | IN THE DISTRICT COURT OF CAMERON COUNTY, TEXAS |
| INDIVIDUALLY AND ON | § | |
| BEHALF OF MINOR | § | |
| MONIKA NICOLE CUELLAR | § | |
| | § | |
| Plaintiffs, | § | |
| | § | CAMERON COUNTY |
| v. | § | |
| | § | |
| STATE FARM INSURANCE, RUBEN | § | |
| GARCIA AGENCY, RUBEN GARCIA, | § | |
| AND RICK BARROW, | § | |
| | § | |
| Defendants. | § | 138TH JUDICIAL DISTRICT |

---

## DEFENDANTS RUBEN GARCIA AGENCY AND RUBEN GARCIA'S VERIFIED ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION

---

TO THE HONORABLE JUDGE OF THIS COURT:

Defendants, Ruben Garcia Agency and Ruben Garcia, without waiving any of their defenses, file their Verified Original Answer and respectfully show the Court as follows:

### General Denial

1.     Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants hereby exercise their right to require Plaintiffs to prove their allegations by a preponderance of the credible evidence.

### Verified Denial

2.     Pursuant to Rules 54 and 93 of the Texas Rules of Civil Procedure, Defendants deny that all conditions precedent have been performed and/or occurred. In particular, Plaintiffs have not satisfied all conditions precedent in that they failed to provide Defendants with sixty (60) days written notice of the specific claims against them pursuant to the Texas Insurance Code

ORIGINAL ANSWER

and Deceptive Trade Practices Act. Defendants also deny that they are liable in the capacity in which they have been sued. All acts that Defendants took with respect to Plaintiffs were in the course and scope of their employment acting on behalf of State Farm Lloyds.

### *Affirmative Defenses*

3.    In addition to and without waiving any of the foregoing, Defendants assert the following matters as affirmative defenses:

a.    Plaintiffs have not satisfied all conditions precedent in that they failed to provide Defendants with sixty (60) days written notice of the claims against them pursuant to the Texas Insurance Code and Deceptive Trade Practices Act.

b.    Any award to Plaintiffs must be offset by all prior payments made by State Farm to Plaintiffs for access, repair, and/or additional living expenses ("ALE").

c.    Plaintiffs' claims are barred in whole or in part by the Doctrine of Laches. Plaintiffs have received payment for access, repair, and/or ALE, but have failed to make any attempt to repair the damage at their house or prevent future damage.

d.    Plaintiffs' claims are barred in whole or in part by Plaintiffs' failure to mitigate their damages.

e.    Any award of exemplary damages must be limited in accordance with the provisions of Texas Civil Practices & Remedies Code § 41.008.

f.    Plaintiffs' claims for punitive damages against Defendants cannot be sustained because under Texas law, an award of punitive damages without proof of every element beyond a reasonable doubt would violate Defendants' right under Amendments IV, V, VI, and XIV of the United States Constitution and under Sections 9, 10, 14, and 19 of Article I of the Texas Constitution.

2

g.     Plaintiffs' claims for punitive damages against Defendants cannot be sustained, because an award of punitive damages under Texas law for the purposes of compensating Plaintiffs for elements of damages not otherwise recognized by Texas law would violate Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

### *Jury Demand*

Defendants, Ruben Garcia Agency and Ruben Garcia, hereby demand a trial by jury.

### *Prayer*

WHEREFORE, Defendants pray:

1.     That Plaintiffs recover nothing of and from Defendants, and that this Court enter a judgment that Defendants go hence without delay with all costs of court; and

2.     That Defendants are granted such other and further relief to which they show themselves justly entitled.

3

Respectfully submitted,

AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.
1500 Bank of America Plaza
300 Convent Street
San Antonio, Texas 78205
Telephone: (210) 281-7000
Fax: (210) 224-2035


R.H. ROSENBLUM
State Bar No. 17276100
TYLER GATES MERCER
State Bar No. 00798372
JOSEPH L. SORKIN
State Bar No. 24033215

ATTORNEYS FOR DEFENDANTS
RUBEN GARCIA AGENCY AND
RUBEN GARCIA

064253.0000 SAN ANTONIO 268665 v1

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on the following counsel of record by *certified mail, return receipt requested*, on the _21st_ day of June 2002:

Benigno (Trey) Martinez
1201 E. Van Buren
Brownsville, Texas 78520
Phone: (956) 546-7159
Fax: (956) 544-0602


Tyler Gates Mercer

5

<u>VERIFICATION</u>

STATE OF TEXAS          §
                       §
COUNTY OF BEXAR        §

Before me, the undersigned authority, on this day personally appeared Ruben Garcia who being by me duly sworn on his oath deposed and said he read the Defendants Ruben Garcia Agency and Ruben Garcia's Verified Original Answer and that the facts stated in it are within his personal knowledge and are true and correct. Specifically, I have reviewed paragraph number 2 of Defendants Ruben Garcia Agency and Ruben Garcia's Verified Original Answer and the statements of fact contained within that paragraph are true and correct.

RUBEN GARCIA

Subscribed and sworn before me on this the _20th_ day of June, 2002.

Notary Public in and for the
State of Texas

6

644251.0020 SAN ANTONIO 245665 v.

IN THE UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

RUDY AND ELENA CUELLAR,           §
INDIVIDUALLY AND ON                §
BEHALF OF MINOR                    §
MONIKA NICOLE CUELLAR              §
                                   §
       Plaintiffs,                 §
                                   §
v.                                 §          CIVIL ACTION NO. _____  B-02-133
                                   §
STATE FARM INSURANCE, RUBEN        §
GARCIA AGENCY, RUBEN GARCIA        §
AND RICK BARROW,                   §
                                   §
       Defendants.                 §

United States District Court
Southern District of Texas
FILED

JUN 2 7 2002

Michael N. Milby
Clerk of Court

---

## LIST OF ALL COUNSEL OF RECORD

---

| Party | Attorney(s) |
|-------|-------------|
| Plaintiffs:<br>Rudy and Elena Cuellar, Indivdually and On Behalf of Minor Monika Nicole Cuellar | Benigno (Trey) Martinez<br>LAW OFFIC EOF BENIGNO (TREY) MARTINEZ<br>1201 E. Van Buren<br>Brownsville, Texas 78520<br>Telephone: (956) 546-7159<br>Telecopier: (956) 544-0602 |
| Defendants:<br>State Farm Lloyds, Ruben Garcia Agency<br>And Ruben Garcia | Rick H. Rosenblum<br>Tyler Gates Mercer<br>AKIN, GUMP, STRAUSS, HAUER, & FELD, L.L.P.<br>300 Convent, Suite 1550<br>San Antonio, Texas 78212<br>Telephone: (210) 281-7000<br>Telecopier: (210) 224-2035 |
|  | Victor V. Vicinaiz<br>ROERIG, OLIVEIRA & FISHER, L.L.P.<br>506 E. Dove<br>McAllen, Texas 78504<br>Telephone: (956) 631-8049<br>Telecopier: (956) 631-8141 |

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 2 7 2002

Michael N. Milby
Clerk of Court

RUDY AND ELENA CUELLAR,       §
INDIVIDUALLY AND ON           §
BEHALF OF MINOR               §
MONIKA NICOLE CUELLAR         §
                              §
        Plaintiffs,           §
                              §
v.                            §        CIVIL ACTION NO. _____
                              §
STATE FARM INSURANCE, RUBEN   §
GARCIA AGENCY, RUBEN GARCIA,  §
AND RICK BARROW,              §
                              §
        Defendants.           §

B-02-133

---

### INDEX OF MATTERS BEING FILED

---

1.    JS44 Civil Cover Sheet

2.    Supplemental Cover Sheet

3.    Defendants' Notice of Removal

4.    Exhibit A:    Copies of all process, pleadings, orders, and the docket sheet on file in the state court lawsuit

5.    Exhibit B:    A list of counsel of record.