United States District Court
Southern District of Texas
FILED

JUL 15 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RUDY AND ELENA CUELLAR, INDIVIDUALLY AND ON BEHALF OF MONIKA NICOLE CUELLAR | § § § § | |
| Plaintiffs, | § § § | |
| V. | § § | No. B-02-133 |
| STATE FARM INSURANCE, RUBEN GARCIA AGENCY, RUBEN GARCIA, and RICK BARROW | § § § § § § | |
| Defendant. | § § | |

**PLAINTIFFS' MOTION TO REMAND AND SUPPORTING BRIEF**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS, BROWNSVILLE DIVISION:

COMES NOW, Plaintiffs Rudy and Elena Cuellar, et al., herein ("Plaintiffs"), and files this Motion to Remand and Brief in Support thereof under 28 U.S.C. §§ 1447(c) and 1447 (e). In support of their Motion to Remand, Plaintiffs respectfully show unto the Court the following:

**INTRODUCTION**

1.  Plaintiffs are citizens of the state of Texas. Defendants are State Farm Lloyds, Inc. ("State Farm"), Ruben Garcia, and Rick Barrow ("Garcia", "Barrow"). State Farm claims to be a citizen of the state of Illinois. However, its corporation and places of business are located in Texas; State Farm has been duly formed and authorized to conduct the business of insurance by the Texas Department of Insurance and the Texas Commissioner of Insurance, pursuant to Articles 2 and 18 of the Texas Insurance Code; and State Farm is licensed to sell insurance in Texas. Garcia and Barrow were also citizens of the State of Texas at the filing of this cause of action.

2.   On May 24, 2002, Plaintiffs filed an action in 138th Judicial District Court, Cameron County, Texas, styled Rudy and Elena Cuellar, et al., under Cause No. 2002-05-2140-B (the "Lawsuit"). Plaintiffs' lawsuit against Defendant State Farm Insurance, Ruben Garcia Agency, Ruben Garcia, and Rick Barrow, alleged: (1) violations of the common-law duties of good faith and fair dealing; (2) violations of Articles 21.21 and 21.55 of Texas Insurance Code; (3) violations of the Texas Deceptive Trade Practices Act; and (4) breach of contract, arising from the result of Defendants inadequate or wrongful denial of their insurance claim for water damage and resulting mold to their home.

3.   On June 27, 2002, Defendant State Farm removed the lawsuit to federal court pursuant to 28 U.S.C. § 1446 (a). Defendant alleges that this Court has original jurisdiction of the Plaintiffs' lawsuit under 28 U.S.C. § 1332 (a), as it is a civil action wherein the amount in controversy exceeds the sum of Seventy-Five Thousand ($75,000), and is between parties of who are citizens different states. Defendant sent this notice of removal to Plaintiffs and to the Court via certified mail.

## ARGUMENT

4.   It is well-settled that there must be complete diversity between all Plaintiffs and all Defendants in a suit in order for subject-matter jurisdiction to lie under the diversity statute of the federal courts; no plaintiff can be a citizen of the same state as any defendant. *Owens Equip. & Erection Co. v. Kroger*, 437 U.S. 364, 373-74 (1978); *In re Rodriguez*, 79 F.3d 467, 473 (5th Cir. 1996) (if the plaintiff and even one properly joined defendant are residents of the same state, the federal court has no taking jurisdiction); *Jernigan v. Ashland Oil, Inc.*, 989 F.2nd 812, 815 (5th Cir. 1993); *Brown v. Mine Safety Appliance Co.*, 753 F.2nd 393, 394 95th Cir. 1985). Moreover, for diversity purposes, a corporation is a citizen of both the state in which it was incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Indiana Hi-Rail Corp. v. Decatur Junction Ry.*, 37 F.3d 363, 365 n. 3( 7th Cir. 1994). Thus, if the Plaintiff is from Texas, such as in the instant case, to remove a case on grounds of diversity jurisdiction, a corporate defendant must assert both its state of incorporation and its principal place of business are somewhere other than Texas. *See Jones v. Petty-Ray Geophysical, Geosource, Inc.*, 954 F.2d 1064 (5th Cir. 1992).

5. In the instant case all Defendants are citizens of the State of Texas. Plaintiffs have independent causes of action for negligence, violations of Articles 21. 21 and 21.55 of the Texas Insurance Code, for violations of the Texas Deceptive Trade Practices Act and for breach of the common-law duties of good faith and fair dealing against these Defendants. Contrary to Defendants' position, Defendants Ruben Garcia Agency, Ruben Garcia, and Rick Barrow, had claims filed upon them based upon similar operative facts and issues involved in their lawsuit. Ruben Garcia and his agency underwrote the policy or contract and was first notified of the claim involved in the instant case. Moreover, he is either a member, employee, or agent of State Farm residing and working on behalf of State Farm in the State of Texas. Rick Barrow, as of the date of the filing of the petition has consistently sent Plaintiffs letters regarding their claim from Harlingen or McAllen, Texas, dating back to February of 2002. Thus, claiming to be a citizen of another state after holding himself out to be a claims representative for at least five months is fraudulent in and of itself. Moreover, Defendants provide no proof whatsoever of his whereabouts or citizenship and apparently will not accept service on his behalf even though they have on at least one other occasion. Furthermore, even though Plaintiffs have alleged valid claims against all the Defendants, the Defendants seeking removal have not carried their burden of proving the Plaintiffs have absolutely no recovery against a non-diverse Defendant. *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983); *see Chicago, R.I. & Pac. Ry. v. Whiteaker*, 239 U.S. 421, 424-425 (1915).

6. In order to determine if a case were truly removable, it is this Court's duty to look to the state of the record in the state court action and examine the record as it existed on the date of removal. 28 U.S.C. Section 1441 (a,c); *Diaz v. Swiss Chalet,* 525 F. Supp. 247 (D. Puerto Rico 1981), citing *Pullman Co. V. Jenkins,* 305 U.S. 534, 59 S. Ct. 347, 83 L.Ed. 334 (1939); *Villarreal v. Brown Express, Inc.,* 529 F. 2d 1219 (5th Cir. 1976). Further, the burden is always on the removing party, the defendant, to establish that the removal was proper. *Id.* In the instant case, it is clear that Plaintiffs had filed a petition with non-diverse Defendant State Farm, whose principal place of business and incorporation is in the State of Texas, and Defendants Garcia and Barrow, who, at the time this petition was filed were both residents of the State of Texas. Because these Defendants were citizens of the State of Texas at the time Plaintiffs filed this petition and the Plaintiffs have viable causes of action over all the Defendants, this court lacks jurisdiction over the Plaintiffs' lawsuit. Therefore, 28 U.S.C. § 1477 compels the Court to remand the lawsuit to state court.

## CONCLUSION

7. Based upon well-established law, the Plaintiffs' petition to include non-diverse Defendants, State Farm, Ruben Garcia Agency, Ruben Garcia, and Rick Barrow, in the lawsuit destroys diversity of citizenship among the parties for jurisdictional purposes. The state of the record on the date of removal clearly showed that non-diverse defendants were being sued in this case. Diversity of citizenship among all of the parties to the lawsuit does not exist, as the Plaintiffs and Defendants are citizens of the state of Texas.

## COSTS AND EXPENSES

8. This court should impose appropriate costs, expenses, and attorney's fees incurred as a result of improper removal since there was no basis for claiming that this court has jurisdiction on any basis over the causes of action asserted in the Plaintiffs petition. See U.S.C. §1447 (c). The notice of removal only had the purpose and effect of causing unnecessary delay and increasing the costs of litigation. For this reason, Plaintiff would move that this Honorable Court order Defendants to pay to Plaintiffs all costs and expenses, including attorney's fees incurred by Plaintiffs as a result of this removal.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, Rudy and Elena Cuellar, pray that upon final hearing thereof, this Court grant their Motion and remand the lawsuit to State Court, and grant such other and further relief, at law and in equity, to which they may be justly entitled.

Respectfully submitted,

MARTINEZ Y BARRERA, L.L.P.
1201 E. Van Buren
Brownsville, Texas 78520
Ph. (956) 546-7159
Fax (956) 544-0602

Benigno (Trey) Martinez
State Bar No. 00797011
Federal Bar. No. 23945

**ATTORNEY FOR PLAINTIFFS**



Benigno (Trey) Martinez

SUBSCRIBED AND SWORN TO BEFORE ME on this the 15th day of July, 2002.

**LAURA DIAZ**
MY COMMISSION EXPIRES
February 11, 2003

Notary Public, State of Texas
County of Cameron

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RUDY AND ELENA CUELLAR, INDIVIDUALLY AND ON BEHALF OF MONIKA NICOLE CUELLAR<br><br>Plaintiffs,<br><br>V.<br><br>STATE FARM INSURANCE, RUBEN GARCIA AGENCY, RUBEN GARCIA, and RICK BARROW<br><br>Defendant. | § § § § § § § § § § § § § § § | No. B-02-133 |

### AFFIDAVIT OF BENIGNO (TREY) MARTINEZ

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF CAMERON | § |

BEFORE ME, the undersigned authority, personally appeared Trey Martinez, who, being by me duly sworn, deposed as follows:

My name is Trey Martinez. I am over eighteen (18) years of age, have never been convicted of a felony, and am fully competent to make this Affidavit. I have personal knowledge of the facts stated in this Affidavit, unless stated to the contrary, and those facts are true and correct.

1. I am the attorney of record for Plaintiffs and therefore have personal knowledge of the facts stated in this Motion.

2. I have read the foregoing Motion for Remand, and the information contained in therein is true and correct to the best of my knowledge.

FURTHER AFFIANT SAYETH NOT.