United States District Court
Southern District of Texas
FILED

AUG 0 5 2002

Michael N. Milby
Clerk of Court

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RUDY AND ELENA CUELLAR, INDIVIDUALLY AND ON BEHALF OF MINOR MONIKA NICOLE CUELLAR | § § § § § | |
| Plaintiffs, | § § | |
| V. | § § | NO. B-02-133 |
| STATE FARM INSURANCE, RUBEN GARCIA AGENCY, RUBEN GARCIA, and RICK BARROW | § § § § | |
| Defendants. | § § | |

---

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

---

AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.
1500 Bank of America Plaza
300 Convent Street
San Antonio, Texas 78205
Telephone: (210) 281-7000
Telecopier: (210) 224-2035
Rick H. Rosenblum
State Bar No. 17276100
Southern District Bar No. 17991
Tyler Gates Mercer
State Bar No. 00798372
Southern District Bar No. 23502

-and-

ROERIG, OLIVEIRA & FISHER, L.L.P.
506 East Dove Avenue
McAllen, Texas 78504-2241
Telephone: (956) 631-8049
Telecopier: (956) 631-8141
Victor Vicinaiz
State Bar No. 20562300
Southern District Bar No. 10956

**ATTORNEYS FOR DEFENDANTS
STATE FARM LLOYDS, RUBEN GARCIA
INSURANCE, RUBEN GARCIA, AND RICK
BARROW**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................................... 1
FACTUAL BACKGROUND ................................................................................................ 2
ARGUMENTS AND AUTHORITIES.................................................................................. 3
   I.   Complete diversity exists between State Farm Lloyds and Plaintiffs................................ 3
      A.   State Farm Lloyds' Underwriters are not Texas Citizens........................................... 3
      B.   The Citizenship of State Farm Lloyds, Inc. is not considered for diversity purposes. ... 4
   II.   Complete diversity exists between Rick Barrow and Plaintiffs......................................... 5
      C.   Rick Barrow is not a citizen of Texas......................................................................... 5
      D.   Further, Plaintiffs have no viable claims against Rick Barrow and therefore Rick
      Barrow is fraudulently joined. ...................................................................................... 6
      E.   Plaintiffs have no viable contract claim against Barrow. .......................................... 7
      F.   Plaintiffs have no viable bad faith claim against Barrow. ......................................... 7
      G.   Plaintiffs have no viable claim under the Texas Insurance Code and the DTPA against
      Barrow............................................................................................................................ 8
   III.   Plaintiffs' fraudulent joinder of Ruben Garcia and Ruben Garcia Agency cannot defeat
   diversity............................................................................................................................... 9
      H.   Plaintiffs have no viable contract claim against Garcia............................................ 9
      I.   Plaintiffs have no viable bad faith claim against Garcia.......................................... 10
      J.   Plaintiffs have no viable claim under the Texas Insurance Code and the DTPA against
      Garcia........................................................................................................................... 11
PLAINTIFF'S FAILURE TO COMPLY WITH LOCAL RULES............................................. 11
CONCLUSION AND PRAYER ............................................................................................. 12

064253.0088 SAN ANTONIO 275424 v1

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

**AUG 0 5 2002**

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| **RUDY AND ELENA CUELLAR,** | § | |
| **INDIVIDUALLY AND ON** | § | |
| **BEHALF OF MINOR** | § | |
| **MONIKA NICOLE CUELLAR** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **V.** | § | **NO. B-02-133** |
| | § | |
| **STATE FARM INSURANCE,** | § | |
| **RUBEN GARCIA AGENCY,** | § | |
| **RUBEN GARCIA, and RICK BARROW** | § | |
| | § | |
| **Defendants.** | § | |

---

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

---

**TO THE HONORABLE JUDGE TAGLE:**

State Farm Lloyds ("State Farm"), incorrectly sued as State Farm Insurance, Ruben

Garcia Insurance, incorrectly sued as Ruben Garcia Agency, and Ruben Garcia ("Garcia")[1], and

Rick Barrow ("Barrow") (hereinafter collectively referred to as "Defendants"), file this

Opposition to Plaintiffs' Motion to Remand and respectfully show as follows:

**PRELIMINARY STATEMENT**

1.    The clear and unequivocal statutory and case authority vests removal jurisdiction

in this Court. In the face of that authority, Plaintiffs proffer incorrect statements of fact

regarding State Farm and Barrow, as well as nonexistent claims against Barrow and Garcia to

defeat diversity jurisdiction. Plaintiffs argue State Farm is a Texas citizen. It is not. Plaintiffs

argue Barrow is a Texas citizen. He is not. Plaintiffs argue they have asserted viable claims against Barrow and Garcia. They have not. Accordingly, jurisdiction exists and removal is proper in this case.[2]

## FACTUAL BACKGROUND

2.     This lawsuit involves a dispute over insurance benefits arising from a claim made by plaintiffs with State Farm for water damage to their residence. Plaintiffs sued State Farm for breach of contract, breach of the duty of good faith and fair dealing, and violations of the Texas Insurance Code and Texas Consumer Protection – Deceptive Trade Practices Act ("DTPA"). Plaintiffs' Original Petition ("Petition"), ¶ IV.

3.     The suit also names Barrow, a Nevada citizen, and Garcia, a Texas citizen. Barrow is an independent insurance adjuster who works for Pilot Catastrophe Services. *See* Affidavit of Rick Barrow, ¶ 2, attached as Exhibit 2. Garcia is the independent, exclusive agent who accepted Plaintiffs' application for insurance with State Farm. Without pleading any factual basis whatsoever, Plaintiffs assert that they have independent causes of action against Barrow and Garcia for negligence[3], violations of Articles 21.21 and 21.55 of the Texas Insurance Code, violations of the DTPA, breach of contract, and breach of the common law duties of good faith and fair dealing.

---

[1] Ruben Garcia Insurance is a sole proprietorship run by Ruben Garcia and is therefore treated as a citizen of Texas, as its sole proprietor, Ruben Garcia. All references to Garcia refer to both Ruben Garcia and Ruben Garcia Insurance.
[2] Pursuant to this Court's Civil Procedures, Defendants have attached a Statement of the Issues to be Ruled upon by the Court as Exhibit 1.
[3] Though unclear, Plaintiffs may also be attempting to assert a claim for negligent claims handling. Plaintiffs' Motion to Remand, ¶ 5; Petition, ¶ XI. Texas law does not recognize claims for negligent claims handling. *French v. State Farm Ins. Co.*, 156 F.R.D. 159, 162 (S.D. Tex. 1994) (citations omitted). Claims for negligent claims handling have no independent basis and, therefore, are regarded merely as actions for breach of contract. *Id.*

2

4.    The inclusion of Barrow and Garcia as Defendants in this case constitutes an attempt to fraudulently divest this Court of diversity jurisdiction because Plaintiffs' Original Petition does not state any valid cause of action against either Barrow or Garcia. Therefore, because State Farm and Barrow are not Texas citizens, and because the joinder of Barrow and Garcia is fraudulent, this Court has jurisdiction under 28 U.S.C. § 1332, and Plaintiffs' Motion to Remand should be denied.

## ARGUMENTS AND AUTHORITIES

### I.    Complete diversity exists between State Farm Lloyds and Plaintiffs.

#### A.    *State Farm Lloyds' Underwriters are not Texas Citizens.*

5.    State Farm is an Illinois citizen, and thus, completely diverse for purposes of jurisdiction. Citizenship of a Lloyds plan insurer is determined by the citizenship of its underwriters. Defendant State Farm Lloyds is a "Lloyds plan" insurer.[4] "The United States Supreme Court has consistently held for over one hundred years that the citizenship of an unincorporated association [such as State Farm Lloyds] is determined… solely by the citizenship of its members." *See Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998); *see also Gore v. Stenson*, 616 F. Supp. 895, 898-99 (S.D. Tex. 1984) (recognizing years of Supreme Court precedent reaffirming the treatment of unincorporated associations for jurisdictional purposes). Fifth Circuit jurisprudence is equally clear. *See Massey*, 993 F.Supp. at 570 *(citing International Paper Co. v. Denkmann Assoc.*, 116 F.3d 134, 137 (5th Cir. 1997); *Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993), *cert. denied*, 522 U.S. 815 (1997).

---

[4] A "Lloyds plan" insurer is a group of individual underwriters who join together to issue insurance through an attorney-in-fact or other representative. *See* TEX. INS. CODE ANN. ARTS. 18.01-02 (West 1981).

6.      There is complete diversity between State Farm and Plaintiffs in this case. State Farm consists of a group of underwriters (or members), all of whom are citizens of the state of Illinois. *See* Affidavit of Greg Clapper attached as Exhibit 3; *Bailey v. State Farm Lloyds,* Civil Action No. H-00-3638, 2001 U.S. Dist. LEXIS 15236, *9 (S.D. Tex. 2001);[5] *Massey,* 993 F. Supp. at 570. Plaintiffs are Texas citizens. Since none of State Farm's members—its underwriters—is a citizen of Texas, complete diversity exists between State Farm and Plaintiffs, and State Farm properly removed this case.[6]

B.      *The Citizenship of State Farm Lloyds, Inc. is not considered for diversity purposes.*

7.      State Farm Lloyds, Inc., is not a defendant in this action, nor is it a real party in controversy that can be considered for diversity purposes. State Farm Lloyds, Inc., is the attorney-in-fact in Texas for Defendant State Farm, as required by the Texas Insurance Code. *See* TEX. INS. CODE ANN. ARTS. 18.01-02 (Vernon 1981). When considering the citizenship of State Farm Lloyds, "the citizenship of State Farm Lloyds, Inc., as the attorney in fact for State Farm Lloyds, is irrelevant." *See Massey,* 993 F. Supp. at 570. "The attorney in fact acts only as an agent of the Lloyds group, and therefore is not considered for diversity citizenship purposes." *Id. (citing Quinn-L Capital Corp.,* 3 F.3d at 883).

---

[5] For the convenience of the Court, copies of the district court decisions that are available primarily in electronic format are attached as Exhibit 4 to this Opposition in the order in which they are cited in this brief.

[6] Plaintiffs have not challenged or complained of any aspect of the removal of this case, other than to challenge State Farm's allegations that complete diversity exists.

4

## II. Complete diversity exists between Rick Barrow and Plaintiffs.

### C.  Rick Barrow is not a citizen of Texas.

8.    Barrow is a Nevada citizen.  Citizenship has the same meaning as domicile, and the place of residence is prima facie the domicile.  *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954); *Hendry v. Masonite Corp.*, 455 F.2d 955, 955 (5th Cir. 1972).  Barrow's house is in Nevada; his family is in Nevada; he is registered to vote in Nevada; his driver's license is from Nevada; he pays income taxes in Nevada; his cars are registered in Nevada; his bank accounts are in Nevada; his personal property is in Nevada; his church affiliation and records are in Nevada; and he receives his mail in Nevada.  *See* Barrow Affidavit, ¶¶ 2-5.

9.    Barrow is temporarily on assignment in Texas as an independent insurance adjuster.  *Id.*, ¶¶ 2-4.  However, Texas, as the state in which Barrow is temporarily working, is not Barrow's state of citizenship.  *Hendry*, 455 F.2d at 956 (holding that defendant was citizen of Mississippi when defendant's home, family, household furnishings, and voting registration were in Mississippi, despite fact that defendant was working in Illinois, defendant's family had looked for houses in Illinois and defendant had signed a contract with a realtor to sell the home in Mississippi).  Further, unless Barrow acquires a new domicile, he remains a domiciliary, and thus a citizen, of Nevada.[7]  *Mas v. Perry*, 489 F.2d 1396, 1400 (5th Cir. 1974).

10.   Plaintiffs insist that because Barrow sent letters from Texas he is a Texas citizen.  Motion to Remand, ¶ 5.  No authority supports this contention.  Barrow's mailing letters in connection with his temporary job cannot establish citizenship.  Accordingly, Plaintiffs have failed to meet their burden of producing evidence of a change in domicile.  *Coury v. Prot*, 85 F.3d

---

[7] Barrow has worked other temporary assignments and has always returned to his family and home in Nevada.  *See* Barrow Affidavit, ¶ 4.

5

244, 250 (5th Cir. 1996) (holding that the party attempting to show a change in domicile assumes the burden of going forward on that issue).

**D.  *Further, Plaintiffs have no viable claims against Rick Barrow and therefore Rick Barrow is fraudulently joined.***

11.  Even if Barrow were a Texas citizen—he is not—Plaintiffs, thinking Barrow was a Texas citizen, fraudulently joined Barrow to defeat diversity jurisdiction. If a defendant has been fraudulently joined, his presence must be disregarded by the court when determining the existence of diversity jurisdiction and assessing the propriety of removal. *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 101-02 (5th Cir. 1990), *cert. denied*, 498 U.S. 817, 111 S. Ct. 60 (1990); *Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979); *French*, 156 F.R.D. at 161. In order to establish fraudulent joinder, the removing party must show either there is no possibility the plaintiff will be able to establish a cause of action against the in-state defendant or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981); *French*, 156 F.R.D. at 161. A determination of fraudulent joinder must be based on an analysis of the causes of action alleged in the complaint at the time of removal. *Tedder*, 590 F.2d at 116; *French*, 156 F.R.D. at 161-62. If no viable claims exist against the non-diverse defendant, his presence must be disregarded for jurisdictional purposes. *French*, 156 F.R.D. at 162.

12.  Plaintiffs petition fails to allege any specific factual allegations against Barrow. The mere pleading of a cause of action against Barrow is not enough to defeat removal jurisdiction. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999); *Gohman v. New Hampshire Ins. Co.*, No. 3-01-CV-0092-BD(L), 2001 WL 376460, *2 (N.D. Tex. April 11, 2001). Plaintiffs' petition contains no factual support for a claim against Barrow, and thus, removal is proper on that basis alone. *Bailey*, 2001 U.S. Dist. LEXIS 15236, at *13-15 (holding

6

insurance adjusters were fraudulently joined when petition failed to allege any specific facts to support claims against the adjusters).

13.   As discussed below, even assuming Plaintiffs' allegations meet minimum pleading requirements, such allegations do not state viable causes of action under Texas law. Therefore. even if he were a non-diverse defendant, the fraudulent joinder of Barrow cannot defeat diversity jurisdiction.

E.   *Plaintiffs have no viable contract claim against Barrow.*

14.   Plaintiffs have no viable contract claim against Barrow because their insurance contract was with State Farm, not Barrow.[8]   *See* Insurance Contract, attached as Exhibit 5. Plaintiffs do not allege facts individual to Barrow to support any breach of contract claims against him.  A viable cause of action against Barrow "depends on and is tied to the factual fit between the plaintiff's allegations and the pleaded theory of recovery." *Griggs*, 181 F.3d at 701. No factual fit exists here.  Barrow is not a party to the insurance contract at issue here.  Plaintiffs do not allege Barrow was a party to any express or implied contract of any sort with the Plaintiffs.  Therefore, Plaintiffs have no viable breach of contract claim against Barrow.

F.   *Plaintiffs have no viable bad faith claim against Barrow.*

15.   Similarly, Plaintiffs do not state a valid claim against Barrow for breach of the duty of good faith and fair dealing.  The duty of good faith and fair dealing in the insurance context arises from the special relationship that is created by the contract between the insurer and the insured. *Natividad v. Alexis, Inc.*, 875 S.W.2d 695, 698 (Tex. 1994); *Arnold v. National County Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987).  Adjusters do not owe a duty to insureds because they are not in contractual privity with them.  The duty of good faith and fair

7

dealing applies to insurance carriers, and it does not extend to the company's agents or contractors. *Natividad*, 875 S.W.2d at 698; *Maintenance v. ITT Hartford Group, Inc.*, 895 S.W.2d 816, 819 (Tex. App.—Texakana 1994, writ denied). In addition, there is no special relationship between the insured and the adjuster giving rise to the duty of good faith and fair dealing. *French v. State Farm Ins. Co.*, 156 F.R.D. 162, 162-63 (S.D. Tex. 1994); *Eubanks v. G.A.B. Business Serv., Inc.*, 909 S.W.2d 212, 214 (Tex. App.—Texarkana 1994, writ denied). Moreover, because it has the contract with the insured, an insurance company cannot delegate the duty of good faith and fair dealing to its agent.[9] *Aetna Casualty & Sur. Co. v. Garza*, 906 S.W.2d 543, 551 (Tex. App.—San Antonio 1995, writ dism'd by agr.) (noting that the duty of good faith and fair dealing does not extend to insurance company's agents or contractors). Because Barrow is not a party to the insurance contract and has no special relationship with Plaintiffs, Plaintiffs do not assert a valid claim against Barrow for the breach of the duty of good faith and fair dealing.

G.   *Plaintiffs have no viable claim under the Texas Insurance Code and the DTPA against Barrow.*

16.   Further, Plaintiffs fail to state viable claims against Barrow for violations of the Texas Insurance Code and the DTPA. Again, whether plaintiffs have stated a valid state law cause of action depends on the factual fit between the plaintiffs' allegations and the pleaded theory of recovery. *Griggs*, 181 F.3d at 701. Plaintiffs allege no facts specific to Barrow upon which they can establish any cause of action. Petition ¶¶ III-XV. The mere hypothetical

---

[8] Contrary to Plaintiffs' statement, Garcia is not one of State Farm's underwriters. *See* Clapper Affidavit.

[9] If an insurer's employee is acting within the scope of his authority, he is not liable on contracts made on behalf of his principal. *See, e.g., French*, 156 F.R.D. at 162. Plaintiffs do not assert, and the facts do not support, any allegation that Barrow acted outside the scope of his authority as an independent adjuster for State Farm.

8

possibility that an action could exist is not enough.[10] *Griggs*, 181 F.3d at 701. No facts, much less facts warranting liability, exist here.

**III.  Plaintiffs' fraudulent joinder of Ruben Garcia and Ruben Garcia Insurance cannot defeat diversity.**

17.  Plaintiffs petition fails to allege any specific factual allegations against Garcia. Again, just as with Barrow, the mere pleading of a cause of action against Garcia is not enough to defeat removal jurisdiction. *Id* at 701; *Ghoman*, 2001 WL 376460 at *2. There must be a factual underpinning to support a viable cause of action against Garcia. Plaintiffs' petition is devoid of any factual support for a claim against Garcia, and thus, removal is proper on that basis alone. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 260 (5th Cir. 1995) (holding insurance agent was fraudulently joined when petition failed to allege any specific facts to support claims against the agent); *Waters v. State Farm Mut. Auto. Ins. Co.*, 158 F.R.D.107, 108-09 (S.D. Tex. 1994) (same); *Ghoman*, 2001 WL 376460 at *2 (same).

18.  As described below, even assuming Plaintiffs' allegations meet minimum pleading requirements, such allegations do not state viable causes of action under Texas law. Therefore, Plaintiffs' assertion of claims against Garcia amounts to fraudulent joiner and his presence must be disregarded for diversity purposes.

*H.    Plaintiffs have no viable contract claim against Garcia.*

19.  Plaintiffs have no viable contract claim against Garcia because their insurance contract was with State Farm, not Garcia.[11] *See*, Insurance Contract. Plaintiffs do not allege facts individual to Garcia to support any breach of contract claims against him. A viable cause

---

[10] Other than listing Barrow's name and address for purposes of service, the petition does not specifically mention Barrow at all.
[11] Contrary to Plaintiffs' incorrect assertion, Garcia is not one of State Farm's underwriters. *See* Clapper Affidavit.

9

of action against Garcia "depends on and is tied to the factual fit between the plaintiff's allegations and the pleaded theory of recovery." *Griggs*, 181 F.3d at 701. No factual fit exists here. Garcia is not a party to the insurance contract at issue here. Therefore, Plaintiffs have no viable breach of contract claim against Garcia.

    I.    *Plaintiffs have no viable bad faith claim against Garcia.*

    20.   Similarly, Plaintiffs do not state a valid claim against Garcia for breach of the duty of good faith and fair dealing. The duty of good faith and fair dealing in the insurance context arises from the special relationship that is created by the contract between the insurer and the insured. *Natividad v. Alexis, Inc.*, 875 S.W.2d 695, 698 (Tex. 1994); *Arnold v. National County Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987). Insurance agents for insurance companies do not owe a duty to insureds because they are not in contractual privity with them. The duty of good faith and fair dealing applies to insurance carriers, and it does not extend to the company's agents or contractors. *Natividad*, 875 S.W.2d at 698; *Maintenance v. ITT Hartford Group, Inc.*, 895 S.W.2d 816, 819 (Tex. App.—Texakana 1994, writ denied). In addition, there is no special relationship between the insured and the agent giving rise to the duty of good faith and fair dealing. *French*, 156 F.R.D. at 162-63; *Eubanks v. G.A.B. Business Serv., Inc.*, 909 S.W.2d 212, 214 (Tex. App.—Texarkana 1994, writ denied). Moreover, because it has the contract with the insured, an insurance company cannot delegate the duty of good faith and fair dealing to its agent.[12] *Aetna Casualty & Sur. Co. v. Garza*, 906 S.W.2d 543, 551 (Tex. App.—San Antonio 1995, writ dism'd by agr.) (noting that the duty of good faith and fair dealing does not extend to insurance company's agents or contractors). Because Garcia was not involved in

---

[12] If an insurer's employee is acting within the scope of his authority, he is not liable on contracts made on behalf of his principal. *See, e.g., French*, 156 F.R.D. at 162. Plaintiffs do not assert,

the handling or processing of the Plaintiffs' claims and is not a party to the insurance contract, Plaintiffs do not assert a valid claim against Garcia for the breach of the duty of good faith and fair dealing.

    *J.    Plaintiffs have no viable claim under the Texas Insurance Code and the DTPA against Garcia.*

    21.   Further, Plaintiffs fail to state viable claims against Garcia for violations of the Texas Insurance Code and the DTPA. Again, whether plaintiffs have stated a valid state law cause of action depends on the factual fit between the plaintiffs' allegations and the pleaded theory of recovery. *Griggs*, 181 F.3d at 701. Plaintiffs allege no facts specific to Garcia upon which they can establish any cause of action. Petition ¶¶ III-XV. The mere hypothetical possibility that an action could exist is not enough. *Griggs*, 181 F.3d at 701. No facts, much less facts warranting liability, exist here.

## PLAINTIFF'S FAILURE TO COMPLY WITH LOCAL RULES

    22.   The Local Rules require that an opposed motion include both an averment that a movant has conferred with the respondent and a certificate of service. See Local Rules of the United States District Court for the Southern District of Texas, LR 5.4, 7.1. Plaintiffs' Motion to Remand contains neither. *See* Motion to Remand. Plaintiffs' counsel never conferred with Defendants' counsel and, following service, failed to return numerous telephone calls from Defendants' counsel. Further, while Plaintiffs filed their Motion to Remand on July 15, 2002 they failed to serve it on Defendants until July 22, 2002. See Letter from Benigno "Trey" Martinez, attached as Exhibit 6. Defendants did not receive the Motion to Remand until July 25, 2002. As a result of Plaintiffs' failure to comply with the Local Rules, Defendants have been

and the facts do not support, any allegation that Garcia acted outside the scope of his authority as an independent, exclusive agent for State Farm.

unable to obtain Exhibits 3 and 5. Therefore, Defendants will supplement their opposition to Plaintiffs' Motion to Remand as soon as counsel obtains the documentation.

## CONCLUSION AND PRAYER

23. State Farm Lloyds and Rick Barrow are not Texas citizens. Further, Plaintiffs fraudulently joined Rick Barrow, Ruben Garcia and Ruben Garcia Agency. Therefore, complete diversity exists, and the Court has removal jurisdiction over this case. Defendants respectfully ask the Court to deny Plaintiffs' Motion to Remand Plaintiffs' Request for Costs and Expenses and to grant Defendants such other relief to which they may show themselves justly entitled.

Respectfully submitted,

AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.
1500 Bank of America Plaza
300 Convent Street
San Antonio, Texas 78205
Telephone: (210) 281-7000
Telecopier: (210) 224-2035

RICK H. ROSENBLUM
Attorney-in-Charge
State Bar No. 17276100
Southern District Bar No. 17991
TYLER GATES MERCER
State Bar No. 00798372
Southern District Bar No. 23502

12

-and-

VICTOR VICINAIZ
State Bar No. 20562300
Southern District Bar No. 10956
ROERIG, OLIVEIRA & FISHER, L.L.P.
506 East Dove Avenue
McAllen, Texas 78504-2241
Telephone: (956) 631-8049
Telecopier: (956) 631-8141

ATTORNEYS FOR DEFENDANTS
STATE FARM LLOYDS, RUBEN GARCIA
INSURANCE, RUBEN GARCIA, AND RICK
BARROW

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on the following counsel of record

by *certified mail, return receipt requested*, on the _5th_ day of August 2002:

Benigno (Trey) Martinez
1201 E. Van Buren
Brownsville, Texas 78520
Phone: (956) 546-7159
Fax: (956) 544-0602


TYLER G. MERCER

13

**EXHIBIT 1**

## STATEMENT OF ISSUES TO BE RULED UPON BY THE COURT

I.      Diversity jurisdiction exists and, therefore, removal of this case is proper.

   A.    Plaintiffs are citizens of Texas. *See* Plaintiffs' Original Petition, ¶ V.

   B.    State Farm Lloyds' citizenship is determined by the citizenship of its
         underwriters, who are all Illinois citizens. *Massey v. State Farm Lloyds Ins. Co.*,
         993 F. Supp. 568, 570 (S.D. Tex. 1998); *Bailey v. State Farm Lloyds*, No. H-00-
         3638, 2001 U.S. Dist. LEXIS 15236, *9 (S.D. Tex. 2001); Affidavit of Greg
         Clapper, attached as Exhibit 3.

   C.    The citizenship of State Farm Lloyds, Inc. is not considered for diversity
         purposes. *Massey*, 993 F. Supp. at 570.

   D.    Rick Barrow is a citizen of Illinois. *See* Affidavit of Rick Barrow, attached as
         Exhibit 2.

   E.    Plaintiffs fraudulently joined Barrow and Ruben Garcia and his sole
         proprietorship Ruben Garcia Insurance, incorrectly sued as Ruben Garcia Agency.
         *Griggs v. State Farm Lloyds*, 181 F.3d 694 (5th Cir. 1999).

**EXHIBIT 2**

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RUDY AND ELENA CUELLAR, INDIVIDUALLY AND ON BEHALF OF MINOR MONIKA NICOLE CUELLAR | § § § § § | |
| Plaintiffs, | § § | |
| V. | § § | NO. B-02-133 |
| STATE FARM INSURANCE, RUBEN GARCIA AGENCY, RUBEN GARCIA, and RICK BARROW | § § § § | |
| Defendants. | § § | |

## AFFIDAVIT OF RICK BARROW

STATE OF TEXAS                 §
                               §
COUNTY OF CAMERON              §

Before me, the undersigned authority, on this day personally appeared, RICK
BARROW, who, being by me duly sworn on oath, deposed and says as follows:

1.      My name is RICK BARROW, and I am over the age of twenty-one (21) years. I
have never been convicted of a felony, or crime involving moral turpitude, and am otherwise
competent to make this Affidavit. Each statement contained in this Affidavit is within my
personal knowledge and is true and correct.

2.      I am a resident of the State of Nevada. I have lived in Nevada since May of 1997.
I am an independent insurance adjuster with Pilot Catastrophe Services. I am currently living in

1

Texas on a temporary work assignment for State Farm Lloyds which began on February 4, 2002. My wife and four children continue to live in Gardnerville, Nevada.

3.    Though I am currently working in Texas, I maintain a residence in Gardnerville, Nevada. I carry a valid Nevada driver's license. I pay income taxes in Nevada, and I am registered to vote in Nevada.

4.    My job description as an independent adjuster is to travel from location to location on temporary assignments. Since my family and I have made our home in Nevada, I have always returned to our home in Nevada after completing my assignments.

5.    All three of our family cars are registered in Nevada. All of my bank accounts are in Nevada. My personal property, including furniture and all of our household goods and belongings, are in Nevada. I am a member of the Church of Jesus Christ of Latter Day Saints in Nevada and all of my and my family's church records are in Nevada. I receive my mail, including my bills, at my residence in Gardnerville, Nevada.

6.    I declare under penalty of perjury and under the laws of the United States of America that the foregoing is true and correct.

Further, Affiant sayeth not.

RICK BARROW

SUBSCRIBED AND SWORN TO BEFORE ME on this the 5th day of August, 2002.



CHRISTINA GRACIA
Notary Public, State of Texas
My Commission Expires
JANUARY 18, 2004

Notary Public in and for
the State of Texas

064253.0088 SAN ANTONIO 279925 v1

2

**EXHIBIT 3**

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RUDY AND ELENA CUELLAR, | § | |
| INDIVIDUALLY AND ON | § | |
| BEHALF OF MINOR | § | |
| MONIKA NICOLE CUELLAR | § | |
| | § | |
| Plaintiffs, | § | NO. B-02-133 |
| | § | |
| VS. | § | |
| | § | |
| STATE FARM INSURANCE, | § | |
| RUBEN GARCIA AGENCY, | § | |
| RUBEN GARCIA, and RICK BARROW | § | |
| | § | |
| Defendants. | § | |

## AFFIDAVIT OF GREG CLAPPER

| | |
|---|---|
| STATE OF ILLINOIS | ) |
| | ) |
| COUNTY OF McLEAN | ) |

BEFORE ME, the undersigned Notary Public, on this day personally appeared Greg Clapper, who, after being by me duly sworn upon his oath deposes and states that he is a person authorized to sign this document on behalf of the State Farm Lloyds, Inc.; that he is known to me to be a credible person over the age of eighteen (18) years; and that he has personal knowledge of the statements made herein and the facts herein contained are true and correct.

I am an Assistant Secretary of State Farm Lloyds, Inc., the statutory attorney-in-fact for State Farm Lloyds, an association of underwriters conducting business in Texas on the Lloyds plan. As Assistant Secretary of State Farm Lloyds, Inc., I have personal knowledge of the identity and residence of each of the 12 underwriters of State Farm Lloyds.

State Farm Lloyds is not a corporation, but is an association of underwriters acting by and through their attorney-in-fact as provided for under Texas law.

The underwriters of State Farm Lloyds recorded with the Texas Department of Insurance as of April 1, 2002 are: James Alan Ament, Barbara Rae Cowden, Dale R. Egeberg, Gary Grant, David Heath Hays, John Joseph Killian, William R. King, Jr., Kurt George Moser, Jack Warren

North, James Ellwyn Rutrough, Jr., Susan Marie Watkins, and Michael Steven Wey. Each of these underwriters has continuously resided in the state of Illinois and has had his or her regular place of business in Bloomington, Illinois from at least June 3, 2002, to the present.

I have access to the corporate records of State Farm Lloyds, Inc., which contain the home addresses of the underwriters. The addresses of these underwriters by city and/or county, state, and ZIP code are as follows:

| | |
|---|---|
| James Alan Ament | Bloomington, McLean County, Illinois 61701 |
| Barbara Rae Cowden | Heyworth, McLean County, Illinois 61704 |
| Gary Grant | Bloomington, McLean County, Illinois 61704 |
| Dale R. Egeberg | Bloomington, McLean County, Illinois 61704 |
| David Heath Hays | Bloomington, McLean County, Illinois 61704 |
| John Joseph Killian | Rural route near Towanda, Illinois, in McLean County, 61776 |
| William R. King, Jr. | Hudson, McLean County, Illinois 61748 |
| Kurt George Moser | Rural route near Bloomington, Illinois in McLean County, 61704 |
| Jack Warren North | Bloomington, McLean County, Illinois 61704 |
| James Ellwyn Rutrough, Jr. | Bloomington, McLean County, Illinois 61704 |
| Susan Marie Watkins | Bloomington, McLean County, Illinois 61704 |
| Michael Steven Wey | Bloomington, McLean County, Illinois 61704 |

Each of the above-listed underwriters is a citizen of the State of Illinois.

I know of no entity known as "State Farm Insurance Company". If such an entity exists, it is not related in any way to State Farm Lloyds.

**STATE FARM LLOYDS**

By: _Greg Clapper_

Printed Name: Greg Clapper

SUBSCRIBED AND ~~SWORN~~ *Affirm* TO ME on the __/__ day of August 2002, to certify which witness my hand and official seal.

_Doris J. Fehr_

Notary Public in and for the State of Illinois

My Commission Expires:

_10/26/02_

"OFFICIAL SEAL"
DORIS J. FEHR
Notary Public, State of Illinois
My commission expires 10/26/02

Affidavit of Greg Clapper
Page 2 of 2

**EXHIBIT 4**

LEXSEE 2001 us dist lexis 15236

JAMES BAILEY, ET AL., Plaintiffs, versus STATE FARM LLOYDS, ET AL.,
Defendants.

CIVIL ACTION NO. H-00-3638

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF
TEXAS, HOUSTON DIVISION

*2001 U.S. Dist. LEXIS 15236*

April 11, 2001, Decided

April 12, 2001, Entered

DISPOSITION:
 [*1] Defendants' motion to dismiss Johnson and Lucas
GRANTED.

COUNSEL:
For JAMES BAILEY, FRANCES BAILEY, plaintiffs:
John Steven Mostyn, Attorney at Law, Houston, TX.

For STATE FARM LLOYDS, TOM JOHNSON,
KAAREN LUCAS, defendants: Warren Royal Taylor,
Taylor and Taylor, Houston, TX.

JUDGES:
VANESSA D. GILMORE, UNITED STATES
DISTRICT JUDGE.

OPINIONBY:
VANESSA D. GILMORE

OPINION:

### ORDER

Pending before the Court is Defendants' Motion to
Dismiss Tom Johnson and Kaaren Lucas from this
action. (Instrument No. 12). Based on the submissions
of the parties and the applicable law, the Court finds that
the motion should be GRANTED.

### I.

Plaintiffs James Bailey and Frances Bailey (the
"Baileys") bring this action against Defendants State
Farm Lloyds ("State Farm"), Tom Johnson ("Johnson"),
and Kaaren Lucas ("Lucas") for violation of Article

21.21 § § 4(10) and 4(11) of the Texas Insurance Code
and Section 17.50 of the Texas Business and Commerce
Code (Deceptive Trade Practices-Consumer Protection
Act, "DTPA") in connection with a homeowner's
insurance policy. In addition, the Baileys claim that State
Farm violated Sections 17.50(a)(4), 17.41-17.63, and
17.46(b) of the DTPA, Article 21.55 of the [*2] Texas
Insurance Code, and that it is liable for breach of
contract, breach of duty of good faith, and breach of
warranties.

The Baileys reside in Pasadena, Texas. State Farm is
an unincorporated association whose underwriters are
citizens of Illinois. Johnson, a Claims Superintendent for
State Farm, resides in Houston, Texas, as does Lucas, a
Claims Specialist for State Farm.

From June 19, 1998 to June 19, 1999, State Farm
insured the Baileys' residence under policy number 53-
63-5173-2. (Instrument No. 21, at 2; Instrument No. 18
Exh B). On July 20, 1998, the Baileys allege that a
plumbing leak caused damage to the house's foundation.
(Instrument No. 21, at 2; Instrument No. 18 Exh B). The
Baileys filed a claim which State Farm acknowledged on
July 23, 1998. (Instrument No. 17, Exh A; Instrument
No. 18 Exh B). Soon thereafter, Lucas inspected the
Baileys' home and, together with Johnson, corresponded
with the Baileys about the insurance claim. (Instrument
No. 18 Exh B). On August 6, 1998, State Farm paid the
Baileys $ 9,667.76 for the plumbing repairs and notified
them that they continued to investigate the additional
damages that Plaintiffs claimed. (Instrument No. 18 Exh
B). On [*3] September 3, 1998, State Farm denied any
additional coverage, stating that the policy did not cover
the foundation damage because it was caused by factors

unrelated to the plumbing leak. (Instrument No. 18 Exh B). On September 1, 2000, the Baileys filed suit against State Farm, Johnson, and Lucas in the 281st District Court of Harris County, Texas. (Instrument No. 1, Exh 1, 3).

Defendants removed the case to this Court based on diversity jurisdiction, *28 U.S.C. § 1332(a)(1)*. (Instrument No. 1 at 2). Defendants asserted diversity because Plaintiffs reside in Texas, while Defendant State Farm is an Illinois citizen. (Instrument No. 1 at 2). Although Defendants Johnson and Lucas both reside in Texas, which would prohibit removal under *42 U.S.C. § 1441(a)*, Defendants alleged that Plaintiffs had no valid claims against the agents but fraudulently joined them to defeat diversity jurisdiction. (Instrument No. 1 at 2-3).

Plaintiffs filed motions to remand the case to state court. (Instrument Nos. 8 and 17). Plaintiffs argued that Texas law applied to this case, that no diversity existed, and that they did not fraudulently join Johnson and Lucas. [*4] (Instrument No. 8 at 2). According to Plaintiffs, State Farm destroyed diversity because they are a Texas corporation, with its principal place of business in Dallas, Texas. (Instrument No. 8 at 2-3). Alternatively, Plaintiffs claimed that they could maintain a valid action against Johnson and Lucas because they violated the Texas Insurance Code and the DTPA. (Instrument No. 8 at 6-7). Plaintiffs' motions were denied. (Instrument Nos. 15 and 18).

On December 4, 2000, Defendants jointly filed this motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Johnson and Lucas, asserting that Plaintiff fraudulently joined them. (Instrument No. 12). Defendants argue that Plaintiffs cannot maintain an action against Johnson and Lucas because this case involves a coverage dispute rather than any actions taken by Johnson or Lucas individually. (Instrument No. 12 at 2-3). Neither Johnson nor Lucas had the authority to deny the Baileys' claim, Defendants continue, instead, that authority rested with State Farm. (Instrument No. 12 at 3). Furthermore, Defendants argue, the Baileys did not have a contractual relationship with Johnson or Lucas, therefore, neither Johnson nor Lucas had [*5] an individual duty to the Baileys. (Instrument No. 12 at 7). Defendants also contend that Article 21.21 § 4(10)(a)(ii) of the Texas Insurance Code holds the insurer, not the adjuster, liable for failure to pay a legitimate claim. (Instrument No. 12 at 8). According to Defendants, because neither Johnson nor Lucas violated the Texas Insurance Code, they cannot violate the DTPA. (Instrument No. 12 at 11). Finally, Defendants maintain that Johnson and Lucas cannot violate the duty of good faith and fair dealing because State Farm alone owes the insured that duty and cannot transfer it to its agents. (Instrument No. 12 at 10-11). n1

n1 Defendants also argue that Plaintiffs' complaint referred to "Defendants" collectively without specifying which allegations involve which Defendants and that the complaint does not state facts on which claims against Johnson or Lucas could stand. (Instrument No. 12 at 5-6). However, Plaintiffs have since amended their complaint, which specifies the claims against each Defendant. (Instrument No. 21).

[*6]

Plaintiffs responded to Defendants' motion by arguing that both the Texas Insurance Code and the DTPA allow actions against "any persons" under certain circumstances. (Instrument No. 22 at 2). Thus, Plaintiffs claim that they have a valid claim against Johnson and Lucas because they fit the definition of "any person." (Instrument No. 22 at 2). In addition, Plaintiffs assert that Johnson and Lucas processed and denied Plaintiffs' claim, thus creating factual allegations against them. (Instrument No. 22 at 5).

II.

Rule 12(b)(6) allows for dismissal if a plaintiff fails "to state a claim upon which relief may be granted." Such dismissals, however, are rare, *Clark v. Amoco Production Co., 794 F.2d 967, 970 (5th Cir. 1986)*, and only granted where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson, 355 U.S. 41, 45-6, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957); Home Capital Collateral Inc. v. FDIC, 96 F.3d 760, 764 (5th Cir.1996)*. Dismissal can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged [*7] under a cognizable legal theory. *Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990); Vines v. City of Dallas, Texas, 851 F. Supp. 254, 259 (N.D. Tex. 1994)*.

In determining whether a dismissal is warranted pursuant to Rule 12(b)(6), the Court accepts as true all allegations contained in the plaintiff's complaint. *Malina v. Gonzales, 994 F.2d 1121, 1125 (5th Cir.1993)*. In addition, all reasonable inferences are to be drawn in favor of the plaintiff's claims. *Id.*. "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir.1993)*. "To qualify for dismissal under Rule 12(b)(6), a complaint must on its face show a bar to relief." *Clark, 794 F.2d at 970*.

III.

Defendants removed the case to this Court based on diversity jurisdiction pursuant to 28 U.S.C. § § 1441 and 1332. (Instrument No. 1). For the Court to enjoy subject matter jurisdiction over this action, there must be complete diversity of citizenship [*8] between plaintiffs and defendants, 28 U.S.C. § 1332, and no properly joined Defendant may be a resident of the state of Texas, 28 U.S.C. § 1441(a). The amount in controversy must exceed $ 75,000. 28 U.S.C. § 1332.

The removing party bears the burden of establishing that federal jurisdiction exists. Gaitor v. Peninsular & Occidental S S. Co., 287 F.2d 252, 253-54 (5th Cir. 1961). Defendants claimed this Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1), which gives federal courts original jurisdiction over civil actions between citizens of different states where the matter in controversy exceeds $ 75,000, exclusive of interest and costs. (Instrument No. 1 at 2).

A.

1.

Plaintiffs, Texas citizens, insist that State Farm is a Texas corporation, destroying complete diversity required by 28 U.S.C. § 1332(a). (Instrument No. 8 at 1-2). State Farm maintains that it is an unincorporated association whose underwriters reside in Illinois. (Instrument No. 1 at 2). To determine State Farm's citizenship, this Court must determine what type [*9] of entity Defendant State Farm is. State Farm is not a corporation as Plaintiffs allege, but an unincorporated association. (Instrument No. 11 Exh A).

For purposes of diversity analysis, the citizenship of an unincorporated association is determined by its members' citizenship Royal Ins. Co. of Am. v. Quinn-L Capital Corp., 3 F.3d 877, 882 (5th Cir. 1993). Members of an association are the association's underwriters. Id. Consequently, State Farm's citizenship is determined by its underwriters' citizenship, which is Illinois. See id.; see also Massey v. State Farm Lloyds Ins. Co., 993 F. Supp. 568, 570 (S.D. Texas 1998) (finding State Farm's citizenship based on an affidavit stating that each underwriter resided in Illinois); (Instrument No. 11 Exh A). Although State Farm is not a Texas citizen, 28 U.S.C. § 1441(a) is satisfied only if none of the defendants are Texas citizens, therefore, this Court must address the citizenship of Johnson and Lucas.

2.

Defendants assert that Plaintiff cannot maintain a claim against Johnson and Lucas, but fraudulently joined them to defeat diversity jurisdiction. (Instrument No. [*10] 1 at 2-4). In addition, Defendants contend that Plaintiff has failed to state a claim against the adjusters because they had no authority to deny Plaintiff's claim,

rather that authority rested with State Farm. Defendants also argue that only one of the causes of action, Article 21.21 § 4(10)(a)(ii), alleged against Johnson and Lucas could possibly be maintained, but Plaintiffs have failed to allege sufficient facts to support such a claim here. (Instrument No. 12 at 2-4). Plaintiffs' alleged damages, Defendants contend, arise from the actions of State Farms in denying their claim and not from any action by Johnson or Lucas. (Instrument No. 12 at 4). Plaintiffs argue that they properly joined Johnson and Lucas because they violated Article 21.21 § 4(11) and Article 21.21 § 4(10) of the Texas Insurance Code and Section 17.50 of the DTPA by falsely claiming that the Baileys' homeowners policy did not cover all of Plaintiffs' damages. (Instrument No. 8 at 5-7).

To demonstrate fraudulent joinder, the movant must show that there has been fraud in the plaintiff's pleadings of jurisdictional facts or that there is no possibility that the plaintiff could establish a cause of action against [*11] the in-state defendant. B, Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981) ("the burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one"); see also Parks v. the New York Times Co., 308 F.2d 474, 478 (5th Cir. 1962). Courts evaluate any factual disagreements in the light most favorable to the plaintiff, resolving any uncertainties in controlling substantive law in the plaintiff's favor. B, Inc., 663 F.2d at 549. Because State Farm does not allege that Plaintiff fraudulently pleaded any jurisdictional facts, the Court must determine only whether, on the facts involved, Plaintiffs have a reasonable probability of establishing the liability of these two Defendants under Texas law. See Badon v. RJR Nabisco, Inc., 236 F.3d 282, 286 (5th Cir. 2000). A determination of fraudulent joinder is made based on the causes of action alleged in the complaint at the time of removal. Tedder v. F.M.C. Corp., 590 F.2d 115 116 (5th Cir. 1979). In this case, Plaintiffs' original complaint makes claims against Johnson and Lucas for violation of Article 21.21 of the Texas Insurance [*12] Code and Section 17.50 of the DTPA as well as for breach of the duty of good faith and fair dealing. The claim for breach of good faith was omitted from the amended complaint.

The Court will analyze the elements of Plaintiffs' claims in turn.

B.

1.

Plaintiffs allege that Johnson and Lucas violated Article 21.21 of the Texas Insurance Code. The purpose of Article 21.21 "is to regulate trade practices in the business of insurance by defining, or providing for the determination of, all such practices in this state which constitute unfair methods of competition or unfair or

deceptive acts or practices and by prohibiting the trade practices so defined or determined." TEX. INS. CODE ANN. Art. 21.21, § 1(a) (Vernon Supp.2001). Article 21.21 § 4 of the Texas Insurance Code lists unfair and deceptive acts in the business of insurance. TEX. INS. CODE ANN. Article 21.21 § 4 (Vernon Supp. 2001). The Code permits a cause of action against "any person" who engages in these prohibited acts, specifically listing insurance agents and adjusters as potential defendants. *Id.* at § 1(a). Plaintiffs, therefore, have standing to bring an action against Defendants Johnson and Lucas. *See* [*13] *Liberty Mutual Ins. Co. v. Garrison Contractors, 966 S.W.2d 482, 483 (Tex. 1998)*(holding that an insurance agent is a "person" for purposes of Article 21.21).

The Code prohibits "unfair settlement practices." TEX. INS. CODE ANN. Article 21.21 § 4(10)(Vernon Supp. 2001). Plaintiffs claim that Defendants misrepresented a material fact or policy provision relating to coverage, failed to try to reach a prompt and fair settlement once State Farm's liability became reasonably clear, failed to attempt to reach a prompt and fair settlement under one portion of the policy for which State Farm's liability had become reasonably clear for the purpose of influencing Plaintiffs to settle another claim under another portion of their coverage, failed to provide a reasonable basis for denial of the claim or for offering a compromise settlement, failed to affirm or deny coverage of the claim within a reasonable time, and refused to pay a claim without first conducting a reasonable investigation. (Plaintiffs' Original Petition, Exh to Instrument No 1 at 4). This is a near-verbatim recitation of portions of Article 21.21 § 4(10) of the Code.

Johnson and Lucas' role in these alleged [*14] events, however, is manifestly unclear from the complaint. The only facts alleged by Plaintiffs are as follows:

The foundation of Plaintiffs' residence was damaged due to a leak in the house's plumbing. At the time of this loss, Plaintiff's resident [sic] was insured under State Farm homeowner's policy number 53-63-5173-2 issued to Plaintiffs by Defendant State Farm. The policy was marketed and sold directly to Plaintiffs by Defendant State Farm, and Plaintiffs had paid all premiums due on said policy." (Instrument No. 1 at 2).

Missing from the facts is even a mention of Johnson and Lucas, let alone any description of events that would indicate that Defendants Johnson and Lucas made any misrepresentations or, failed to make a good faith effort to settle all of Plaintiffs' claims after a reasonable investigation. The complaint does not even make clear that Johnson and Lucas are adjusters employed by State

Farm or that they were responsible for processing the Baileys' claims.

Plaintiffs also claim that Johnson and Lucas violated Article 21.21 § 4(11) of the Texas Insurance Code which prohibits making misrepresentations about insurance policies. Plaintiffs only conclusorily [*15] allege that "Defendants' conduct violated the Insurance Code pursuant to [sic] Article 21.21 § 4(11) by making misrepresentations regarding the insurance policy" and go on to define "misrepresentation." (*Id.*). There is no elaboration on what it is that Johnson and Lucas supposedly said, nor any facts alleged to support Plaintiffs' contention that their policy covered the damage to their home. There is no indication that Johnson and Lucas were acting outside the scope of their duties as adjusters.

2.

Plaintiffs also claim a cause of action against Johnson and Lucas under the DTPA. The statute prohibits "false, misleading, or deceptive acts or practices in the conduct of any trade or commerce ..." TEX. BUS. & COM.CODE ANN. § 17.46(a) (Vernon Supp.2001). To recover under the DTPA, the plaintiff must establish: "(1) that the plaintiff was a consumer of the defendant's goods or services; (2) the defendant committed false, misleading, or deceptive acts in connection with the lease or sale of goods or services; and (3) such acts were a producing cause of actual damages to the plaintiff." *See Brown v. Bank of Galveston, N.A., 963 S.W.2d 511, 513 (Tex.1998).* [*16]

Like the Texas Insurance Code, the DTPA allows causes of action against a "person." *See* TEX. BUS. COM. CODE ANN. § 17.50 (Vernon Supp. 2001). A "person" is defined as "an individual, partnership, corporation, association, or other group ..." TEX. BUS. COM. CODE ANN. § 17.45. Accordingly, there is no facial bar against bringing actions against employees of insurance companies. *See Liberty Mutual Ins. Co. v. Garrison Contractors, Inc., 966 S.W.2d 482, 487 (Tex. 1998)* (holding that sales agents may be individually liable if they misrepresent policy terms).

The Plaintiffs did not allege any additional facts beyond those already described to support the DTPA claim against the individual defendants. There are no false, misleading or deceptive acts alleged that can be attributed to Johnson and Lucas rather than State Farm.

3.

Although Plaintiffs named Johnson and Lucas as Defendants, the complaint does not allege specific facts against them, only that they incorrectly concluded that the policy did not cover the foundation damage. In other words, they denied coverage. (Instrument No. 21 at 2-3).

There is nothing to separate Plaintiffs' claims from a garden-variety [*17] breach of contract claim, nothing to indicate that Johnson and Lucas made any false representations or acted in bad faith. Plaintiffs fail to quote any policy language that would indicate that the damage to the foundation of their house should have been covered. Because the Texas Insurance Code and the DTPA are largely codifications of extant common law requirements, mere breach of an insurance contract does not automatically create liability under the Code or the DTPA. *Douglas v. State Farm Lloyds, 37 F. Supp. 2d 532, 544 (S.D. Tex. 1999).* Under Texas law, extra-contractual tort claims brought under the Texas Insurance Code and the DTPA require the same predicate for recovery as a common law claim for bad faith. *Id* (citation omitted).

Mentioning defendants and then failing to state specific actionable conduct against them does not suffice to state a claim against them. *See Griggs v. State Farm Lloyds, 181 F.3d 694, 699 (5th Cir. 1999)* ("We cannot say that Plaintiff's petition, which mentions [the agent] once in passing, then fails to state any specific actionable conduct on her part whatsoever, meets even the liberalized requirements that permit [*18] notice pleading."). Here, Plaintiffs mention Johnson and Lucas, but do not assert specific actionable facts against them. The mere hypothetical possibility that an action may exist is insufficient to defeat an allegation of fraudulent joinder. *Id. at 701.* The determination of whether Plaintiff has stated a valid state law cause of action "depends upon and is tied to the factual fit between the Plaintiffs' allegations and the pleaded theory of recovery." *Id.* There is no indication of what, if any, role Johnson and Lucas played in the denial of Plaintiffs' claim. Moreover, there are no facts alleged that would support Plaintiffs' claim that Johnson and Lucas made any misrepresentations or acted in bad faith. Because Plaintiffs have failed to state a claim against these Defendants, the Court concludes that they were fraudulently joined. Accordingly, Plaintiffs' claims against them are **DISMISSED.** n2

n2 Plaintiffs' claim for breach of duty of good faith and fair dealing does not merit separate treatment. When an insured brings claims for violations of the Code and of the DTPA with a claim for bad faith, all asserting wrongful denial of insurance coverage, if there is no merit to the statutory claims, there can be no recovery on the bad faith claim. *See Douglas, 37 F. Supp. 2d at 540* (holding that failure to establish a bad faith claim precludes liability for the statutory claims). Moreover, the duty of good faith and fair dealing grows out of the "special

relationship" of the insurance contract and there is no such contract between the adjusters as individuals and Plaintiffs. *See Muniz v. State Farm Lloyds, 974 S.W.2d 229, 236 (Tex. App. – San Antonio 1998, reh'g denied).*

[*19]

C.

The final prerequisite to establish federal jurisdiction under *28 U.S.C. § 1332*(a)(1), requires that the amount in controversy exceed $ 75,000, exclusive of interest and costs. Courts refuse diversity jurisdiction if it appears to a "legal certainty" that the amount in controversy is less than the jurisdictional amount. *St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289, 82 L. Ed. 845, 58 S. Ct. 586 (1938).* The plaintiff's pled damages are controlling, as long as pled in good faith. *Id. at 288.*

Here, Plaintiffs did not state a specific amount of damages in their complaint. (Instrument No. 1). Defendants allege that Plaintiffs state a claim in excess of $ 75,000, which Plaintiffs did not address in their response. (Instrument No. 1 at 2; Instrument No. 8). When Plaintiff does not allege a specific amount of damages, the removing defendant must show by a preponderance of the evidence that the alleged damages meet the jurisdictional amount. *De Aguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993).* Courts must look only to the complaint to determine if the alleged damages likely meet the jurisdictional [*20] amount. *Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1336 (5th Cir. 1995).*

Plaintiffs alleged damages are likely to meet the jurisdictional amount. In addition to plumbing damages, Plaintiffs claim their house's foundation was damaged. (Instrument No. 21). Also, Plaintiffs maintain that under Section 17.50(a) of the DTPA, Defendants are liable for economic damages found by the trier of fact, plus three times the amount of both mental anguish and economic damages. (Instrument No. 21 at 7). Plaintiffs allege they are entitled to compensatory damages for State Farm's alleged breach of good faith and fair dealing, including additional costs, economic hardship, losses due to nonpayment of the amount alleged owed, and damages for emotional distress. (Instrument No. 21 at 8). Specifically, in addition to mental anguish, Plaintiffs claim loss of credit standing, earnings, earning capacity, and business reputation. (Instrument No. 21 at 8). Finally, Plaintiffs allege that they are entitled to punitive damages, attorney's fees and pre-judgment interest on the policy's alleged proceeds. (Instrument No. 21 at 8-9). Because the parties are citizens of different states and Defendants [*21] have demonstrated that the amount in controversy exceeds $ 75,000, this Court finds that

2001 U.S. Dist. LEXIS 15236, *

Defendants have established federal jurisdiction under *28 U.S.C. § 133* '(a).

Based on the foregoing, Defendants' motion to dismiss Johnson and Lucas is **GRANTED.**

The Clerk shall enter this Order and provide a copy to all parties.

SIGNED on this the 11th day of April, 2001, at Houston, Texas.

**VANESSA D. GILMORE**

**UNITED STATES DISTRICT JUDGE**

2001 WL 376460                                                    Page 2
(Cite as: 2001 WL 376460 (N.D.Tex.))

H
Only the Westlaw citation is currently available.


United States District Court, N.D. Texas, Dallas
Division.

Sarjit GHOMAN d/b/a Arlington Howard Johnson
Hotel, on behalf of himself and
others similarly situated, Plaintiff,
v.
NEW HAMPSHIRE INSURANCE COMPANY, et
al. Defendants.

No. 3-01-CV-0092-BD(L).

April 11, 2001.


MEMORANDUM OPINION AND ORDER

KAPLAN, Magistrate J.

*1 Plaintiff Sarjit Ghoman has filed a motion to
remand this putative class action. For the reasons
stated herein, the motion is denied.

I.

Plaintiff owns and operates a Howard Johnson
Hotel in Arlington, Texas. [FN1] (Plf.Orig.Pet.¶
1). On December 9, 1996, plaintiff purchased a $6
million commercial property insurance policy from
New Hampshire Insurance Company ("NHIC")
through its agent, Higginbotham & Associates, Inc.
("Higginbotham"). (Id. ¶ 6). The policy insures the
hotel "against all risks of physical loss." (Id.).
While this policy was in effect, plaintiff's hotel was
badly damaged by wind and hail. (Id. ¶ 7). AIG
Claim Services, Inc. ("AIG"), acting on behalf of
NHIC, offered $15,000 to settle the claim. (Id. ¶
9). Plaintiff rejected this offer and demanded an
appraisal as provided by the policy. The appraisal
award valued the replacement cost of the loss at
$299,907 and the actual cash value of the loss at
$262,353. (Id.). In response to this appraisal, NHIC
tendered payment to plaintiff in the amount of
$190,414. (Id. ¶ 10). This sum represents the
actual cash value of the loss, less general
contractor's overhead and profit, sales tax on
building materials, and depreciation. (Id. ¶ 11).
Plaintiff contends that, with the exception of

depreciation, the items deducted by NHIC are
included in the limits of liability under the policy. (
Id. ¶¶ 13-17).


FN1. The hotel is now known as Best
Hotel & Suites. (Plf.Orig.Pet.¶ 1).


Plaintiff then sued NHIC, AIG, and Higginbotham
in Texas state court. The petition contains class
actions allegations against NHIC for breach of
contract, breach of the duty of good faith and fair
dealing, and violations of Article 21.55 of the Texas
Insurance Code. Plaintiff also asserts non-class
claims against all defendants for violations of
Article 21.21 of the Texas Insurance Code. NHIC
and AIG timely removed the case to federal court
alleging that Higginbotham was fraudulently joined
to defeat federal diversity jurisdiction. [FN2]
Plaintiff has filed a motion to remand the case to
state court. The motion has been fully briefed by the
parties and is ripe for determination.


FN2. Higginbotham is a Texas corporation
with its principal place of business in Fort
Worth, Texas. (Plf. Orig. Pet. ¶ 4; Not. of
Rem. ¶ 4). Plaintiff is also a citizen of
Texas. (Plf.Orig.Pet.¶ 1). NHIC and AIG
are both New York corporations with their
principal places of business in New York.
(Not. of Rem. ¶¶ 2, 3). Since complete
diversity does not exist, federal subject
matter jurisdiction is proper only if
defendants can prove that Higginbotham
was fraudulently joined. See Burden v.
General Dynamics Corp., 60 F.3d 213,
218 (5th Cir.1995).


II.

The fraudulent joinder of an in-state defendant will
not defeat federal diversity jurisdiction. Burden v.
General Dynamics Corp., 60 F.3d 213, 221 (5th
Cir.1995); Cavallini v. State Farm Mutual Auto
Insurance Co., 44 F.3d 256, 258 (5th Cir.1995).
However, the burden of proving fraudulent joinder
is extremely heavy. B, Inc. v. Miller Brewing Co.,
663 F.2d 545, 549 (5th Cir.1981). The removing
party must show either: (1) outright fraud in the
pleading of jurisdictional facts; or (2) the inability

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works

of plaintiff to establish a cause of action against the non-diverse defendant. *Burden*, 60 F.3d at 217; *B., Inc.*, 663 F.2d at 549. The standard of proof is clear and convincing evidence. *Grassi v. Ciba-Geigy, Ltd.*, 894 F.2d 181, 186 (5th Cir.1990). The Court need not decide whether the plaintiff will actually or even probably prevail on the merits, but only whether there is a possibility that he may do so. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir.1992). Where such a possibility exists, "the good faith assertion of such an expectancy ... is not fraudulent in fact or in law." *B, Inc.*, 663 F.2d at 550 (citations omitted). The Court must construe the pleadings and evidence in the light most favorable to plaintiff and resolve all factual disputes in his favor. *Dodson*, 951 F.2d at 42.

### III.

*2 NHIC and AIG argue that removal was proper because plaintiff has failed to plead any facts supporting his claim against Higginbotham. Plaintiff counters that he has sufficiently stated a claim under Article 21.21 of the Texas Insurance Code, which prohibits agents from engaging in unfair or deceptive trade practices in the business of insurance. *See Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484-86 (Tex.1998). The Court cannot agree. The mere pleading of a cause of action against Higginbotham is not sufficient to defeat removal jurisdiction. Rather, "whether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir.1999). If the facts alleged by plaintiff do not state an actionable claim against the non-diverse defendant, the mere hypothetical possibility that such a claim could be brought is not enough to warrant remand. *Id.*

This case is remarkably similar to *Griggs*. The plaintiff in *Griggs* filed a claim under his homeowner's policy after burglars entered a public storeroom and stole certain items of sports memorabilia. *Id.* at 695-96. State Farm Lloyds denied the claim because the plaintiff failed to provide a sworn proof of loss and comply with other contractual duties under the policy. *Id.* at 698. Plaintiff then sued State Farm and its agent, Lark P. Blum, in state district court for breach of contract, bad faith, and violations of the Texas Insurance

Code. *Id.* at 700. State Farm, an Illinois corporation, removed the case to federal court alleging that Blum, a Texas resident, had been fraudulently joined to defeat federal diversity jurisdiction. *Id.* at 698. Plaintiff filed a motion to remand. He argued that the state court petition sufficiently alleged claims against Blum for breach of the duty of good faith and fair dealing and violations of Article 21.21 of the Texas Insurance Code. *Id.* at 700-01. The Fifth Circuit acknowledged that an agent may be individually liable when he misrepresents specific policy terms and reliance on those misrepresentations actually causes the insured to incur damages. *Id.* at 701, citing *Garrison Contractors*, 966 S.W.2d at 482 and *State Farm Fire & Casualty Co. v. Gros*, 818 S.W.2d 908 (Tex.App.--Austin 1991, no writ). However, the court went on to hold that the general, undocumented, and non- specific statements allegedly made by the agent "clearly fall short of the mark of actionable representations under Texas law." *Id.* at 702.

Such is the case here. Plaintiff's state court petition contains absolutely no facts to show that Higginbotham misrepresented any terms or benefits of the policy. All plaintiff has alleged is that NHIC, through Higginbotham, sold him a policy that paid less than he expected. [FN3] This is insufficient to state a claim under Article 21.21 of the Texas Insurance Code. *Griggs*, 181 F.3d at 701-02; see also *First American Title Co. of El Paso v. Prata*, 783 S.W.2d 697, 701 (Tex.App.--El Paso 1989, writ denied). Moreover, the damages allegedly sustained by plaintiff were not the result of any misrepresentations made by Higginbotham. Rather, plaintiff alleges that he was injured by the improper deduction of certain expenses from the actual cash value payment under his policy. There is no allegation that Higginbotham was involved in calculating the amount of the final payout. (Def. Resp., Exh. 1 at 3, ¶ 7). See *Griggs*, 181 F.3d at 702 (plaintiff allegedly injured by failure to pay claim could not maintain cause of action against agent for misrepresentation).

> FN3. The only allegations pertaining to Higginbotham are contained in Paragraphs 6 and 34 of Plaintiff's Original Class Action Petition. Plaintiff alleges that he purchased the policy at issue from Higginbotham, and that:

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works

2001 WL 376460                                                    Page 4
(Cite as: 2001 WL 376460 (N.D.Tex.))

> Higginbotham violated Article 21.21 of the
> Texas Insurance Code because they
> engaged in unfair and deceptive acts or
> practices in the business of insurance in
> violation of Article 21.21, Section 4, by
> (1) misrepresenting the terms of its policy
> or the benefits or advantages promised
> thereby.
> (Plf.Orig.Pet.¶ 34).

*3 For these reasons, the Court concludes that
plaintiff cannot establish a cause of action against
Higginbotham under Article 21.21 of the Texas
Insurance Code. The fraudulent joinder of this
non-diverse defendant does not defeat federal
jurisdiction. Accordingly, plaintiff's motion to
remand is denied.

SO ORDERED.

END OF DOCUMENT

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works

**EXHIBIT 5**

**EXHIBIT 6**



# Martinez, Barrera y Martinez, L.L.P.
### Attorneys at Law

Tony Martinez *

Horacio L. Barrera

Benigno (Trey) Martinez

July 22, 2002

1201 E. Van Buren

Brownsville, TX 78520

(956) 546-7159

fax (956) 544-0602

**CMRRR # 7000 1670 0002 2278 6194**
Ms. Bernadette Galvan
Claim Specialist
**State Farm Lloyds**
P.O. Box 2378
McAllen, Texas 78502-2378

RF:    Claim No.    :    53-Q502-788 ( Foundation Claim)
       Your Insured :    Rudy & Elena Cuellar

Dear Ms. Galvan:

Enclosed please find check for the amount of $2,542.20, this check is being returned until my clients receive their fair and just compensation to which they are entitled under the terms of their insurance contract. As you well know, the amounts sent do not sufficiently compensate my clients for their foundation claims. I'm sure you can appreciate that they do not want to start something which cannot be finished due to the inadequate amount of funds sent. Hence, please take this as notice that my clients will continue to pursue this claim until they are adequately compensated an amount which will allow them to successfully remediate their home.

Should you have any questions in the meantime, please do not hesitate to contact me.

Sincerely,

Benigno "Trey" Martinez

III/nd
*encls.

Fire Claims

JUL 2 3 2002

www.martinezybarrera.com

* Board Certified Personal Injury Law Texas Board Of Legal Specialization

*Martínez y Barrera, L.L.P.*
Attorneys at Law

1201 E. Van Buren
Brownsville, Texas 78520

Mr. Joseph L. Sorkin
AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.
300 Convent Street
San Antonio, Texas 78520



IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RUDY AND ELENA CUELLAR, | § | |
| INDIVIDUALLY AND ON | § | |
| BEHALF OF MINOR | § | |
| MONIKA NICOLE CUELLAR | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | NO. B-02-133 |
| | § | |
| STATE FARM INSURANCE, | § | |
| RUBEN GARCIA AGENCY, | § | |
| RUBEN GARCIA, and RICK BARROW | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING PLAINTIFFS' MOTION TO REMAND

On the ____ day of _____ 2002, the Court considered Plaintiffs' Motion to Remand. Upon consideration of Plaintiffs' Motion to Remand, Defendant's Opposition, Defendant's Notice of Removal, and all other pleadings or evidence appropriately before the Court, the Court is of the opinion that Plaintiffs' Motion to Remand should be denied.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Remand is DENIED.

SIGNED on _____, 2002.

_____
U.S. DISTRICT JUDGE