IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 15 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| RUDY AND ELENA CUELLAR, INDIVIDUALLY AND ON BEHALF OF MINOR MONIKA NICOLE CUELLAR | § § § § § | |
| Plaintiffs, | § § | |
| V. | § § | NO. B-02-133 |
| STATE FARM INSURANCE, RUBEN GARCIA AGENCY, RUBEN GARCIA, and RICK BARROW | § § § § | |
| Defendants. | § § | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN
## UNDER RULE 26(f)
## FEDERAL RULES OF CIVIL PROCEDURE

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

   The parties conferred by telephone conference on October 10, 2002. Benigno (Trey) Martinez, Attorney in Charge, participated for the Plaintiffs and Tyler Mercer participated for the Defendants.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   There are no cases directly related to this one. There are additional cases involving the same legal issues pending before this district.

3. Briefly describe what this case is about.

   Plaintiffs brought this suit for breach of contract, bad faith, breach of statutory duties, and other alleged losses arising out of the adjustment of claims made for alleged water, mold and foundation damage at the Plaintiffs' house. Defendants allege that the claims are not covered under the policy in question and/or dispute the cause and extent of the damages claimed.

4. Specify the allegation of federal jurisdiction.

      Defendants allege diversity jurisdiction. Defendants State Farm Lloyds and Rick Barrow are not Texas citizens for diversity purposes. Further, Defendants Rick Barrow and Ruben Garcia were fraudulently joined.

5. Name the parties who disagree and the reasons.

      Plaintiffs disagree and believe State Farm Lloyds, Rick Barrow and Ruben Garcia are Texas citizens and should all be considered for diversity purposes.

6. List anticipated additional parties that should be included, when they can be added, and by whom they were wanted.

      None at this time.

7. List anticipated interventions.

      None at this time.

8. Describe class-action issues.

      None.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

      Plaintiffs and Defendants will make initial disclosures with 30 days of the Initial Pretrial Status Conference in this case.

10. Describe the proposed agreed discovery plan, including:

    A. Responses to all matters raised in Rule 26(f).

      The parties intend to propound written discovery and take depositions. The parties are unaware of any need for any limitations needed for discovery. Defendants request that depositions on written questions not be counted against any limit on depositions that may be imposed by the Court.

    B. When and to whom the plaintiff anticipates it may send interrogatories.

      Plaintiffs will send interrogatories to Defendants within 30 days of the Initial Pretrial Status Conference in this case.

    C. When and to whom the defendant anticipates it may send interrogatories.

      Defendants will send interrogatories to Plaintiffs within 30 days of the Initial Pretrial Status Conference in this case.

    D. Of whom and by when the plaintiff anticipates taking oral depositions.

      Plaintiffs will take the depositions of all experts designated by Defendants and of all adjusters and the agent who sold the policy on or before June 27, 2003.

E.  Of whom and by when the defendant anticipates taking oral depositions.

Defendants will take the deposition of Plaintiffs, all experts designated by Plaintiffs, and any plumber, contractor, indoor air quality specialist, HVAC company, or other third party who performed work at or on the Plaintiffs' house at Plaintiffs' request during the time Plaintiffs have been insured with Defendant State Farm Lloyds on or before June 27, 2003. Defendants will also take depositions of the custodian of records of utility providers, mortgage providers, the tax appraisal district, and any fact witness identified by Plaintiffs whom Defendants determine they do not need to take an oral deposition.

F.  When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

Plaintiffs will designate experts by and provide their reports by January 31, 2003. Defendants will designate experts by and provide their reports by February 28, 2003.

G.  List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

Plaintiffs anticipate taking the depositions of all experts designated by Defendants and should be able to complete the depositions on or before June 27, 2003.

H.  List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

Defendants anticipate taking the deposition of all experts designated by Plaintiffs and should be able to complete the depositions on or before June 27, 2003.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

Not applicable.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

Defendants have sent depositions on written questions to the Cameron County Appraisal District, the Brownsville Public Utilities, and Guerra-Prats Consulting Group.

13. State the date the planned discovery can reasonably be completed.

The parties believe that discovery can be completed by June 27, 2003.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

The parties agree that mediation may be appropriate but believe that some discovery is necessary prior to a mediation.

3

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

    The parties have had some communication about the suit and will continue to discuss the possibility of a settlement as the case progresses.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

    The parties agree that mediation would be most suitable in this case but that some discovery is necessary prior to a mediation.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    The parties do not agree to trial before a magistrate judge at this time.

18. State whether a jury demand has been made and if it was made on time.

    A jury demand was made prior to removal and it was timely.

19. Specify the number of hours it will take to present the evidence in this case.

    The parties anticipate that it will take approximately 50 hours to present the evidence in this case.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    Plaintiffs' Motion to Remand.

21. List other motions pending.

    None.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    None.

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

    Defendants filed their Disclosure of Interested Parties on July 15, 2002. Plaintiffs have not yet filed their Disclosure of Interested Parties.

064253.0088 SAN ANTONIO 287309 v1

24. List the names, addresses and telephone numbers of all counsel.

Counsel for Plaintiffs:

Benigno (Trey) Martinez
ATTORNEY IN CHARGE
State Bar No. 00797011
Federal ID No. 23945
LAW OFFICE OF BENIGNO (TREY) MARTINEZ
1201 E. Van Buren
Brownsville, Texas 78520
(956) 546-7159
FAX: (956) 544-0602

Counsel for Defendants:

Rick H. Rosenblum
ATTORNEY IN CHARGE
State Bar No. 17276100
Federal ID No. 13015
Tyler Gates Mercer
State Bar No. 00798372
Federal ID No. 23502
Joseph L. Sorkin
State Bar No. 24033215
Federal ID No. 32487
Akin, Gump, Strauss, Hauer & Feld, LLP
300 Convent Street, Suite 1500
San Antonio, TX 78205
(210) 281-7000
FAX: (210) 224-2035

_____       __10/14/02_____
Counsel for Plaintiffs                Date

_____ w/ permission      __10/14/02_____
Counsel for Defendants                Date

5