IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

OCT 2 9 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| Rudy and Elena Cuellar, Individually and on Behalf of Minor Monika Nicole Cuellar, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. B-02-133 |
| State Farm Insurance, Ruben Garcia Agency, Ruben Garcia, and Rick Barrow, | § § § § | |
| Defendants. | § | |

## Memorandum Opinion and Order

BE IT REMEMBERED that on October 29, 2002, the Court considered Plaintiffs' Motion To Remand and Supporting Brief [Dkt. No. 4]; and having considered the arguments of counsel, the law, and the facts, the motion is **GRANTED**.

**I.   Background Facts**

This lawsuit involves a dispute over the payment of insurance benefits and the handling of Plaintiffs' insurance claims for water damage the Plaintiffs claim resulted from plumbing leaks. On May 24, 2002, Plaintiffs filed their Original Petition in the 138th Judicial District Court of Cameron County, Texas. Plaintiffs served Defendants State Farm Lloyds ("State Farm"), and Ruben Garcia and the Ruben Garcia Agency (the "Garcia Defendants"). Defendant Barrow has not yet been served. On June 27, 2002, Defendants removed the case to this Court, and on July 15, Plaintiffs moved to remand.

**II.   Analysis**

   **A.   Diversity:  Citizenship of the State Farm and Barrow Defendants**

Federal district courts have subject matter jurisdiction over actions between citizens of different states where the amount in controversy exceeds the sum or value

1

of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). In such cases, diversity among the parties must be complete, *i.e.*, no plaintiff may be a citizen of the same state as a defendant. See *Strawbridge v. Curtis*, 3 Cranch 267, 2 L.Ed. 435 (1806). The determination of state citizenship for diversity purposes is controlled by federal law, not by the law of any State. 1 J. Moore, Moore's Federal Practice P0.74(1), at 707.1 (1972). "Whether diversity jurisdiction exists is determined by examining the citizenship of the parties at the time suit was filed." *Harris v. Black Clawson Co.*, 961 F.2d 547, 549 (5th Cir. 1992). The burden of pleading diverse citizenship is upon the party invoking federal jurisdiction, and if the diversity jurisdiction is properly challenged, that party also bears the burden of proof. See *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974).

### 1.     State Farm Is An Illinois Citizen

Plaintiffs allege that diversity jurisdiction does not exist in this case because State Farm is a Texas citizen. To support this allegation, Plaintiff alleges that State Farm is a Texas corporation that has its principal place of business in Dallas, Texas. State Farm rejects this assertion and argues that it is an unincorporated insurance association selling insurance under a "Lloyds Plan" and is therefore a citizen of the state of the domicile of its underwriters, in this case Illinois.

A Lloyds Plan insurer consists of a group of underwriters who join together to issue insurance through an attorney-in-fact. See TEX. INS. CODE art. 18.01- .02. For purposes of diversity jurisdiction, a Lloyds Plan insurer is considered an "unincorporated association" whose citizenship is determined solely by the citizenship of its underwriters. *Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998). Because the attorney-in-fact acts only as the agent of the Lloyds Plan insurer, its citizenship is not considered. See *Royal Ins. Co. of America v. Quinn-L Capital Corp.*, 3 F.3d 877, 883 (5th Cir. 1993), *cert. denied*, 511 U.S. 1032 (1994).

To support its contentions, State Farm offers the affidavit of Greg Clapper, the Assistant Secretary of State Farm Lloyds, Inc., the statutory attorney-in-fact for State Farm Lloyds. Based on this uncontroverted evidence, the Court finds that Lloyds is an unincorporated association. To determine State Farm's citizenship for purposes of

diversity jurisdiction, the Court must now examine the citizenship of each of State Farm's underwriters. Clapper affirms that all of the underwriters were Illinois citizens as of June 3, 2002.[1] Because no underwriter was a Texas resident when suit was filed, State Farm is an Illinois citizen.

### 2. Rick Barrow Is A Nevada Citizen

For diversity purposes, citizenship means domicile; mere residence in the state is not sufficient. See *Wolfe v. Hartford Life & Annuity Ins. Co.*, 148 U.S. 389 (1893); *Stine v. Moore*, 213 F.2d 446, 448 (5 Cir. 1954). A person's domicile is the place of "his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom . . .." *Stine*, 213 F.2d at 448. A change of domicile may be effected only by a combination of two elements: (a) taking up residence in a different domicile with (b) the intention to remain there. *See, e.g., Mas*, 489 F.2d at 139.

Barrow owns a home in Nevada, his wife and four children live in Nevada, and he is a member of the Church of Jesus Christ of Latter Day Saints in Nevada. *See* Barrow Affidavit, ¶¶ 2-5. He maintains his bank accounts in Nevada. *See id*. His cars are registered in Nevada, and he has a Nevada driver's license. *See id*. He is registered to vote in Nevada and pays taxes in Nevada. *See id*. Barrow was temporarily assigned to work in Texas. *See id*. at ¶ 2. In the past he has taken temporary assignments in different states and has always returned to Nevada where his family lives. *See id*. ¶ 4. The Court finds that the uncontroverted evidence demonstrates that Barrow is a Nevada citizen.

### B. Ruben Garcia and Ruben Garcia Insurance Are Not Fraudulently Joined

Defendants admit that the Garcia Defendants are Texas citizens. However, a

---

[1] Clapper testifies that the underwriters were Illinois citizens as of June 3, 2002, ten days after Plaintiffs filed their Petition. The Court assumes based on the Clapper Affidavit and case law that all of the underwriters were Illinois citizens as of April 24, 2002 . If the citizenship of State Farm were determinative, the Clapper Affidavit alone would not be sufficient to carry Defendants' burden. However, the Court's finding that the Garcia Defendants are not fraudulently joined makes this point moot.

case may be removed to federal court despite the presence of a resident defendant in the state court suit, if the removing defendant shows that the resident defendant was fraudulently or improperly joined.[2] "The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." *B., Inc.*, 663 F.2d 545, 549 (5th Cir. 1981). In order to prove fraudulent joinder, Defendants "must demonstrate either 'outright fraud in the plaintiff's recitation of jurisdictional facts,' or that 'there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court.'" *Rodriguez v. Sabatino*, 120 F.3d 589, 591 (5th Cir. 1997) (quoting *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995) and *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir. 1995)). "The question, then, is simply whether the defendant can show that no possibility exists that the plaintiffs have stated a claim against [the non-diverse defendant]." *Rodriguez*, 120 F.3d at 591. The Court examines the Plaintiffs' factual contentions in a light most favorable to the Plaintiffs and resolves all factual disputes in the Plaintiffs' favor. *See id.* Finally, the Court may "pierce the pleadings" and rely on affidavits or other documents to determine whether the party was fraudulently joined. *LeJeune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir. 1992).

In the present case, Defendants do not allege fraud. The question, then, is simply whether Defendants can show that no possibility exists that Plaintiffs have stated a claim against the Garcia Defendants. In their motion to remand, Plaintiffs state that they "have independent causes of action for negligence, violations of Articles 21.21 and 21.55 of the Texas Insurance Code, for violations of the Texas Deceptive Trade Practices Act and for breach of the common-law duties of good faith and fair dealing against these Defendants."

---

[2] "Fraudulent joinder" does not require a showing that the Plaintiffs had an intent to deceive or knew that the facts alleged were false. *See, e.g., Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992) ("When speaking of jurisdiction, 'fraudulent' is a term of art.... Although false allegations of jurisdictional fact may make joinder fraudulent, in most cases fraudulent joinder involves a claim against an in-state defendant that simply has no chance of success, whatever the plaintiff's motives.") (citations omitted).

4

To determine whether there is any possibility that Plaintiffs can recover against the Garcia Defendants based on their state court petition, the Court focuses on their allegations under article 21.21 of the Texas Insurance Code. Article 21.21 is designed to regulate trade practices in the business of insurance by defining, or providing for the determination of, all such practices in this state which constitute unfair methods of competition or unfair or deceptive acts or practices and by prohibiting the trade practices so defined or determined. See TEX. INS. CODE art. 21.21, § 1(a). In *Liberty Mutual Insurance Co. v. Garrison*, 966 S.W.2d 482, 484 (Tex. 1998), the Texas Supreme Court explained that "[s]ection 3 of Article 21.21 prohibits any person from engaging in deceptive trade practices in the insurance business, and section 16 provides a private cause of action against a person that engages in an act or practice declared in section 4 of the article to be unfair or deceptive." Further, article 21.21 defines "person" to include "any individual, corporation, association, partnership, reciprocal exchange, inter-insurer, Lloyds insurer, fraternal benefit society, and any other legal entity engaged in the business of insurance, including *agents*, brokers, *adjusters* and life insurance counselors." (Emphasis added). Thus article 21.21, § 2(a) specifically provides that the definition of "person" includes an agent such as the Garcia Defendants.

Article 21.21, § 4(10)(a)(ii) makes "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear" an "unfair settlement practice." This, in turn, is an "unfair method of competition or an unfair or deceptive act or practice in the business of insurance." Section 3 of article 21.21 prohibits a "person" from engaging in such practices.

In their Petition, Plaintiffs have pled facts making out a cause of action under article 21.21, § 4(10)(a)(ii) against the Garcia Defendants for failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which State Farm's liability had become reasonably clear. Plaintiffs allege that the Garcia Defendants "visited and inspected Plaintiffs' property"; failed to "properly investigate some or all of Plaintiffs' covered claims with no reasonable basis"; and

"failed to act promptly or to conduct a good faith investigation." See Pet. at ¶VII.[3] These actions could be a means of obstructing, rather than effectuating, a prompt, fair, and equitable settlement of a claim with respect to which State Farm's liability had become reasonably clear. The allegations sufficiently plead a basis for a Texas court to find that the Garcia Defendants violated § 4(10)(a)(ii); therefore, the Court cannot say that there is no possibility that the Plaintiffs will be able to establish a cause of action against the Garcia Defendants in state court.

### III. Conclusion

Despite the fact that neither State Farm nor Barrow is a Texas citizen, diversity jurisdiction does not exist because Plaintiffs who are Texas citizens have alleged valid claims against the Garcia Defendants who also are Texas citizens.

Plaintiffs' motion to remand [Dkt. No. 4] is **GRANTED** except to the extent they seek attorneys' fees. The Court holds that it lacks subject matter jurisdiction and, pursuant to 28 U.S.C. § 1447(c), remands this case to the 138th Judicial District Court of Cameron County, Texas. The Clerk of the Court shall effect the remand immediately.

DONE at Brownsville, Texas, this 29th day of October 2002.

Hilda G. Tagle
United States District Judge

---

[3] Throughout the Petition Plaintiffs distinguish between conduct by the "Carrier Defendant" and the "Defendants," the latter including the Garcia Defendants. Reading the Petition with this distinction in mind makes clear that Plaintiffs have adequately pled actionable conduct by the Garcia Defendants.